EINHORN, APPELLANT, *v.* FORD MOTOR COMPANY ET AL.; BEAU TOWNSEND FORD, INC., APPELLEE.

[Cite as Einhorn *v.* Ford Motor Co. (1990), 48 Ohio St. 3d 27.]

(No. 88-1621 — Submitted October 18, 1989 — Decided January 10, 1990.)

*Burdge & Associates Co., L.P.A.,* and *Ronald L. Burdge,* for appellant.

*Ensley & Eilerman* and *Timothy N. O'Connell,* for appellee.

DOUGLAS, J. The issue before us concerns the interpretation of R.C. 1345.09(F)(2) which involves the award of attorney fees to a consumer when a supplier knowingly commits an act which violates the Ohio Consumer Sales Practices Act, R.C. Chapter 1345.

The Consumer Sales Practices Act prohibits unfair or deceptive acts[3] and unconscionable acts or practices[4] by suppliers in consumer transactions. The Act defines a "supplier" as a "* * * seller, lessor * * * engaged in the business of effecting or soliciting consumer transactions * * *." R.C. 1345.01(C). A "consumer transaction" is a "* * * sale, lease * * * of an item of goods * * * to an individual for purposes that are primarily personal * * *." R.C. 1345.01(A).

The Act allows the trial court, in its discretion, to award reasonable attorney fees if "[t]he supplier has knowingly committed an act or practice that violates this chapter." R.C. 1345.09 (F)(2).[5] "Knowledge" is defined as "* * * actual awareness, but such actual awareness may be inferred where objective manifestations indicate that the individual involved acted with such awareness." R.C. 1345.01(E).

The Consumer Sales Practices Act is a remedial law which is designed to compensate for traditional consumer remedies and so must be liberally construed pursuant to R.C. 1.11. Roberts & Martz, Consumerism Comes of Age: Treble Damages and Attorney Fees in Consumer Transactions — the Ohio Consumer Sales Practices Act (1981), 42 Ohio St. L.J. 927, 928-929.

Ohio courts have been split over the standard to be used in determining whether reasonable attorney fees should be awarded to consumers pursuant to the Ohio Consumer Sales Practices Act.

One line of cases finds that the word "knowingly" in R.C. 1345.09 (F)(2) relates to the supplier's knowledge that his act violates the Consumer Sales Practices Act. See *Bierlein* v. *Alex's Continental Inn, Inc.* (1984), 16 Ohio App. 3d 294, 16 OBR 325, 475 N.E. 2d 1273, and *Hamilton* v. *Davis Buick Co.* (June 24, 1980), Montgomery C.P. No. 79-1875,

[3] R.C. 1345.02.

[4] R.C. 1345.03.

[5] R.C. 1345.09(F) states:
"The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:

"(1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;

"(2) The supplier has knowingly committed an act or practice that violates this chapter."

unreported. According to this interpretation of R.C. 1345.09(F)(2), in order that the consumer be awarded attorney fees, the supplier must not only violate the law, but also must understand that his actions constitute a violation. Such reasoning protects suppliers who are unaware or claim to be unaware of the existence of the Act. See Roberts & Martz, *supra,* at 957. The consumer has the difficult, if not impossible, task of proving, in order to be awarded attorney fees, that the supplier knew of the law.

Such an interpretation takes the teeth out of the Consumer Sales Practices Act. Attorney fees would rarely be awarded. Since recoveries pursuant to this Act are often small and generally insufficient to cover attorney fees, many consumers would be persuaded not to sue under the Act. This is inapposite to the General Assembly's intention as expressed in Am. Sub. H.B. No. 681, the 1978 amendment to the Consumer Sales Practices Act, which provided for the enactment of R.C. 1345.09(F). The amendment's purpose was "* * * to provide strong and effective remedies, both public and private, to assure that consumers will recover any damages caused by such acts and practices, and to eliminate any monetary incentives for suppliers to engage in such acts and practices." (137 Ohio Laws, Part II, 3219.)

This legislative purpose is better safeguarded by finding that "knowingly" committing an act or practice in violation of R.C. Chapter 1345 means that the supplier need only intentionally do the act that violates the Consumer Sales Practices Act. The supplier does not have to know that his conduct violates the law for the court to grant attorney fees. This reasoning is found in cases such as *Brooks* v. *Hurst Buick-Pontiac-Olds-GMC* (1985), 23 Ohio App. 3d 85, 23 OBR 150, 491 N.E. 2d 345.

We find that the plain meaning of R.C. 1345.09(F)(2) dictates the *Brooks* result and comports with the legislative intent. The language "* * * knowingly committed an act or practice that violates this chapter" requires that for liability to attach, a supplier must have committed a deceptive or unconscionable act or practice. This conduct must violate the Consumer Sales Practices Act. The statutory language does *not* state that the supplier must act with the knowledge that his acts violate the law, as appellee contends. "Knowingly" modifies "committed an act or practice" and does not modify "violates this chapter."

To find otherwise would deny attorney fees to consumers even though the supplier might have blatantly violated the Consumer Sales Practices Act. Such a conclusion flies in the face of the common-law maxim that ignorance of the law is no excuse. Roberts & Martz, *supra,* at 957.

Thus, pursuant to R.C. 1345.09 (F)(2), a trial court may award a consumer reasonable attorney fees when the supplier in a consumer transaction intentionally committed an act or practice which is deceptive, unfair or unconscionable.

Applying this reasoning to the case before us, we conclude that this case must be remanded to the trial court for the purpose of determining whether to award attorney fees pursuant to R.C. 1345.09(F), using the standard enunciated herein.

Accordingly, we affirm the judgment of the court of appeals, although for different reasons.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.