### Gadfield
### v.
### Ferris Chevrolet, Inc.
*[Cite as 4 AOA 154]*

Case No. 89AP090072
Tuscarawas County, (5th)
Decided June 26, 1990

*Richard R. Renner, Southeastern Ohio Legal Services, 131 Fair Avenue, N.E., New Philadelphia, OH 44663, for Plaintiffs-Appellees.*

*David M. Hanhart, Hanhart & Hanhart, 130 West Third Street, P.O. Box 2330, Dover, OH 44622, Keith E. Whann, Schottenstein, Zox & Dunn, 41 South High Street, Columbus, OH 43215, for Defendants-Appellants.*

GWIN, J.

This is an appeal from the New Philadelphia Municipal Court wherein the trial court found defendants: Ferris Chevrolet, Inc., a car dealership located in New Philadelphia, William Ferris, General Manager of Ferris Chevrolet, Tom Ferris, Service Manager of Ferris Chevrolet, and Jon Graef, a salesman for Ferris Chevrolet, liable to plaintiffs, Florence Gadfield and Kenneth Richardson, for unfair and deceptive acts and practices under the Ohio Consumer Sales Practices Act (CSPA). Defendants and plaintiffs now seek our review and assign the following assignments of error:

*"DEFENDANTS' ASSIGNMENTS OF ERROR*
"I. THE TRIAL COURT ERRED IN GRANTING RESCISSION OF THE TRANSACTION WITHOUT AWARDING DEFENDANTS A REASONABLE SETOFF FOR PLAINTIFFS' USE OF THE VEHICLE.

"II. THE TRIAL COURT ERRED IN
GRANTING INJUNCTIVE RELIEF THAT IS
WITHOUT BASIS IN LAW AND IS SO
OVERBROAD AND OPPRESSIVE AS TO BE
BEYOND THE SCOPE OF THE COURT'S
AUTHORITY.

*"PLAINTIFFS' ASSIGNMENTS OF ERROR*
"I. THE TRIAL COURT ERRED IN ITS LE-
GAL CONCLUSION THAT A SUPPLIER'S
FAILURE TO RESCIND A TRANSACTION,
EVEN WHEN THE CONSUMER HAS A
RIGHT TO RESCIND, IS NOT AN UNFAIR
PRACTICE [VIOLATION 8.]

"II. THE TRIAL COURT'S FINDING THAT
PLAINTIFFS FAILED TO PROVE THAT
DEFENDANTS' ADVERTISEMENTS WERE
DECEPTIVE IS AGAINST THE MANIFEST
WEIGHT OF THE EVIDENCE. [VIOLATION
11.]

"III. THE TRIAL COURT'S FINDING THAT
DEFENDANTS DID NOT ACT KNOWINGLY
IS AGAINST THE MANIFEST WEIGHT OF
THE EVIDENCE OR IS CONTRARY TO
LAW.

"IV. THE TRIAL COURT ERRED IN FAIL-
ING TO GRANT PARTIAL SUMMARY JUDG-
MENT TO PLAINTIFFS THAT DEFEN-
DANTS DID ACT KNOWINGLY AND WERE
SUBJECT TO AN AWARD OF ATTORNEYS'
FEES PURSUANT TO R.C. 1345.09(F)(2)."

On January 14, 1988, plaintiffs, in response to an advertisement, went to Ferris Chevrolet for the purpose of purchasing an automobile. John Graef directed plaintiffs' attention to a white 1984 Caprice station wagon and indicated to plaintiffs that the Caprice was a dependable car. That evening, a sales agreement which included a trade-in allowance on plaintiffs' 1980 Dodge Aspen station wagon of $2,250 was negotiated. However, plaintiffs rejected said offer because the monthly payments were too high.

On or about January 16, 1988, Graef contacted plaintiffs and made a new offer which provided for lower monthly payments but required a lower trade-in allowance of $1,619.54 on plaintiffs' Dodge Aspen. On January 18, 1988, plaintiffs agreed to this new offer and signed a sales agreement indicating a selling price of $7,710.38 for the Caprice station wagon and a balance due of $6,570.

After plaintiffs signed the necessary papers, they took possession of the Caprice station wagon. The following number of weeks consisted of an ordeal wherein plaintiffs continuously returned the Caprice to Ferris Chevrolet for repeated repairs including replacement of the engine, and twice replacing the transmission. Although plaintiffs had purchased a limited warranty which covered these repairs, they sought to rescind the transaction with Ferris Chevrolet but were refused.

On March 3, 1988, plaintiffs filed a complaint seeking injunctive, declaratory, and compensatory relief. Following trial, the trial court on August 21, 1989, found defendants had committed five unfair or deceptive acts or practices in violation of R.C. Chapter 1345,[1] and awarded plaintiffs rescission on one violation and statutory damages of $200 each on the remaining four violations. Additionally, the trial court issued an injunction against all defendants and declared three particular acts or practices of defendants to be unfair or deceptive. We now turn to the assignments of error.

I
In their first assignment, defendants claim that the trial court erred in granting a rescission of the transaction without awarding defendants a reasonable setoff for plaintiffs' use of the Caprice. The trial court denied setoff under the authority of *McCullough v. Bill Swad Chrysler-Plymouth, Inc.* (1983), 5 Ohio St.3d 181.

In McCullough, the Supreme Court set forth the following test:

"In ascertaining whether a buyer's continued use of an item after revocation of its acceptance was reasonable, the trier of fact should pose and divine the answers to the following queries: (1) Upon being apprised of the buyer's revocation of his acceptance, what instructions, if any, did the seller tender the buyer concerning return of the now rejected goods? (2) Did the buyer's business needs or personal circumstances compel the continued use? (3) During the period of such use, did the seller persist in assuring the buyer that all nonconformities would be cured or that provisions would otherwise be made to recompense the latter for the dissatisfaction and inconvenience which the defects caused him? (4) Did the seller act in good faith? (5) Was the seller unduly prejudiced by the buyer's continued use?"

Applying the facts in this case to the above test, we believe the trial court did not err in denying a setoff. Furthermore, defendants

waived their claim to a setoff by failing to plead the same as an affirmative defense pursuant to Civ. R. 8(C).

Accordingly, defendants' first assignment is hereby overruled.

## II

As part of its order, the trial court ordered that defendants be enjoined on a permanent basis in the following manner:

"1.) That the Defendants adopt a written policy manual containing the policies and practices of Ferris Chevrolet, Incorporated for consumer transactions and that these policies include the CSPA and its regulations, O.A.C. Chapter 109:4-3 and this Court's Order. The policy manual must be made available to all personnel, sales or otherwise.

"2.) That the policy manual and any employment contracts of Ferris Chevrolet, Incorporated provide that no employee shall be disciplined, terminated, or suffer any retaliation for obeying the CSPA or offering testimony or statements in relation to any proceeding or investigation to enforce the CSPA.

"3.) That Ferris Chevrolet obtain and keep on file at the business location of the Defendant, signed statements from all personnel who talk with consumers that they have read the policy manual.

"4.) That Ferris Chevrolet Incorporated develop, print and use a new "Request for Financing Terms" to replace their form purchase order for consumers to sign when they want to know the financing terms.

"5.) That Ferris Chevrolet Incorporated give the Ohio Attorney General's free brochure on the CSPA and automobile sales to every prospective customer or have the document readily accessible for retention by every prospective customer."

Revised Code §1345.09(D) provides that "[a]ny consumer may seek.. an injunction, or other appropriate relief against an act or practice that violates [Chapter 1345]."

We read this section and the corresponding case law to indicate that the injunctive relief ordered by the court must be reasonably related to the acts or practices which violate the CSPA in a particular case. In this case, the trial court's injunctive relief went beyond those remedies necessary to prevent the wrong acts and practices of which defendants were found to have violated. In other words, the trial court's order was overly broad and outside the scope of authority authorized by R.C. 1345.09.

Accordingly, we sustain defendants' second assignment and reverse that portion of the trial court's order regarding the injunctive relief.

## III

In their first assignment, plaintiffs claim that because defendants refused to rescind, said refusal was in and of itself a violation of the CSPA. In support of this proposition, plaintiffs direct us to R.C. §1345.09(A), (B), and *Jones v. Swad Chevrolet, Inc.* (C.P. Franklin 11-19-85), Case No. 82-CV-12-7321, *affirmed* 5-22-86. We are unpersuaded.

Revised Code §1345.09(A), (B), provides for rescission as relief to a consumer. Furthermore, we read *Jones* as permitting plaintiffs to seek rescission where defendants violated the CSPA.

Plaintiffs also argue that the trial court pursuant to R.C. §1345.09(B) should have declared that defendants' failure to rescind is itself an unfair and deceptive act or practice under R.C. §1345.02. Although novel, this argument must fail for lack of statutory under R.C. Chapter 1345.

Accordingly, plaintiffs' first assignment of error is hereby overruled.

## IV

Because we find some competent and credible evidence to support the trial court's finding that plaintiffs failed to prove by a preponderance of the evidence that defendants' advertisements were deceptive, we will not reverse the trial court's finding as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 521 Ohio St.2d 279.

## V

R.C. §1345.09(F)(2) provides:

"(F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if. . .

" . . .

"(2) the supplier has knowingly committed an act or practice that violates this chapter."

In its decision, the trial court denied plaintiffs attorney fees because "Plaintiffs have failed to prove. that the Defendant *knowingly* committed any violations of the CSPA."

The Ohio Supreme Court in *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 30, stated that "knowingly" under R.C. §1345.09(F)(2) "means that the supplier need only intentionally do the act that violates the Consumer Sales Practices Act, the supplier does not have to know

that his conduct violates the law for the court to grant attorney fees.

Because *Einhorn* was decided after the trial court's decision in this case, and because the trial court is not favored with a crystal ball, we cannot fault the trial court for its denial of attorney fees. However because *Einhorn* clarifies the meaning of "knowingly" we remand this portion of the trial court's decision for reconsideration in light of the above law.

### VI

In their final assignment, plaintiffs claim that the trial court erred in failing to grant the partial summary judgment to plaintiffs on the issue of whether defendants did act knowingly and were subject to an award of attorneys fees pursuant to R.C. §1345.09(F)(2).

Prior to trial, the trial court advised both parties of its failure to rule on the partial summary judgment motion. Counsel for plaintiffs did not object but instead agreed that the motion would be merged with the trial on the merits. Accordingly, plaintiffs have failed to preserve any claimed error regarding the failure to grant the partial summary judgment motion and we overrule this final assignment.

For the foregoing reasons, the judgment of the New Philadelphia Municipal Court is affirmed in part, reversed in part, and remanded in accordance with this opinion.

*Judgment affirmed in part,*
*reversed in part and*
*cause remanded.*

PUTMAN, P.J. and MILLIGAN, J. concur.

---

[1] 1. Using statements that create a false impression as to quality, value, and usability in violation of O.A.C. 109:4-3-16 (B)(3).

2. Using forms which misrepresent the consumer's legal rights in violation of the declaration contained in *Rashid v. Cherokee Motors, Inc.* (C.P. Hamilton Co. 1981), Case No. A 8006561.

3. Failing to integrate all material statements into the written sales contract in violation of O.A.C. 109:4-3-16(B)(22).

4. Failing to disclose the "core charge" before replacing the engine in violation of O.A.C. 109:4-3-13(C)(13).

5. Failed to provide itemized lists of repairs performed showing the identity of the individual performing the service as required by O.A.C. 109:4-3-13(C)(12).