OPINION
Appellant Ford Motor Company appeals a judgment of the Stark County Common Pleas Court awarding appellee Ronald Fortner attorney fees and costs in the amount of $44,046.02 associated with a Lemon Law claim:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN AWARDING PLAINTIFF LITIGATION EXPENSES ASSOCIATED WITH HIS LEMON LAW CLAIM BECAUSE THE LEMON LAW ONLY PERMITS RECOVERY OF ATTORNEYS' FEES AND COURT COSTS.
 II. THE TRIAL COURT ERRED IN AWARDING PLAINTIFF ATTORNEYS' FEES THAT HE DID NOT DEMONSTRATE WERE REASONABLY INCURRED IN CONNECTION WITH HIS LEMON LAW CLAIM.
On June 16, 1994, appellee purchased a brand new 1994 Ford F-150 four-wheel drive pickup truck from Wally Armour Ford. On January 1, 1995, appellee was driving the vehicle on an unpaved road in Wythe County, Virginia. The vehicle left the roadway, went over an embankment, struck a tree, and rolled onto the passenger side, before coming to a stop. As a result of this collision, the cost to repair the vehicle exceeded its value, and appellee was physically injured. Appellee claimed that the vehicle left the roadway due to a defect in the braking system, which affected the driver's ability to control the vehicle. During the seven months from the time of purchase until the time of the collision, the vehicle was taken to five different Ford dealerships on at least nine different occasions with complaints about the brakes.
After attempts to resolve the matter with appellant failed, appellee filed the instant action on June 4, 1996. The complaint included four claims: a Lemon Law claim against appellant, a product liability claim against appellant, a Consumer Sales Practices Act claim against appellant, and a Consumer Sales Practices Act against Wally Armour Ford. In April of 1994, appellee settled the CSPA claim against Wally Armour Ford.
In answer to the complaint, appellant denied all allegations. During the entire discovery process, appellant denied that the vehicle was a lemon.
On March 11, 1997, appellant filed a consent to judgment concerning the Lemon Law claim. Appellant also filed a motion inlimine seeking to exclude any reference to the consent to judgment or to the Lemon Law claim in subsequent proceedings on the remaining claims. Appellee opposed the motion in limine, as the remaining claims were based on the fact that the vehicle was a lemon. Appellant did not offer to admit or stipulate that the vehicle was a lemon.
The case proceeded to hearing on April 10, 1997. Appellee accepted the consent to judgment only after the court indicated that it would overrule appellant's motion in limine. The hearing then proceeded to the issue of damages, attorney fees, and costs. Following the hearing, the court awarded attorney fees and costs in the amount of $44,046.02.
 I.
Appellant argues that pursuant to R.C. 1345.75(A), which provides for an award of attorney fees and court costs in conjunction with a Lemon Law claim, appellee cannot recover amounts expended as litigation expenses (depositions, acquisition of an expert witness, and other out-of-pocket expenses). R.C. Chapter 1345 was a remedial statute enacted to protect consumers and prohibit suppliers from engaging in proscribed consumer sales practices. Eisenhorn vs. Ford Motor Company (1990), 48 Ohio St.3d 27. In addition to recovering all monies associated with the purchase of a vehicle, the consumer is entitled to reasonable attorney fees and all court costs upon prevailing on a Lemon Law claim. R.C. 1345.75(A). The intent of the statute clearly is to make the consumer whole, and to restore the purchaser to a position he or she occupied before acquiring the lemon.
One factor to consider when awarding attorney fees is the miscellaneous expenses of litigation. Villella vs. WaikemMotors, Inc. (1989), 45 Ohio St.3d 36, 42. In determining whether to include certain expenses as a part of attorney fees, the trial court should consider the actual billing practices of the party's attorney. Scheiderer and Associates vs. City ofLondon (August 5, 1996), Madison App. No. CA95-08022 and CA95-08024, unreported. Modern electronic accounting methods allow attorneys to submit detailed and specialized billing for their services. Id. Many attorneys now charge lower hourly rates, and bill clients directly for paralegal time and other legal expenses. Id. Where expenses can be clearly and directly traced to the costs associated with a particular matter, those expenses are not properly considered as part of the attorney's overhead. Id.
Appellant attempts to distinguish between attorney fees constituting time, and attorney fees constituting expenses. The fee statements presented to the court at the hearing clearly detail both time and expenses pertaining to the case. In the instant case, the court did not abuse its discretion in concluding that the litigation expenses, which the attorneys delineated as attributable to the Lemon Law claim, were a reasonable portion of the attorney's fee.
The first Assignment of Error is overruled.
 II.
Appellant argues that the court abused its discretion in finding the attorney fees to be reasonably incurred in conjunction with the Lemon Law claim.
Appellant first claims that appellee should not be entitled to attorney fees for time incurred on the case after appellant filed its consent judgment. This claim is without merit. Appellant disputed the Lemon Law claim throughout the case. Further, while filing the consent judgment, appellant also filed a motion in limine, seeking to forbid appellee from mentioning the Lemon Law settlement at trial of the remaining claims. The trial court properly found that the consent was not binding until the day of the damage hearing when appellee agreed to accept the consent judgment. Had appellant succeeded in the motion inlimine, there is a reasonable probability that appellee would not have agreed to the consent judgment. The trial court did not abuse its discretion in finding that counsel for appellee reasonably incurred time on the Lemon Law claim after appellant filed the consent judgment.
Appellant next claims that counsel did not adequately delineate time spent on the products liability and CSPA claims. Counsel for appellee did, in fact, separate out work and expenses that were not incurred in conjunction with the Lemon Law claim. The court did not abuse its discretion in finding that the amounts removed by appellee were appropriate. Further, as noted by the trial court, the Lemon Law claim was inextricably intertwined with the products liability claim and the CSPA claims, as without the Lemon Law violation, the remaining claims would be rendered moot.
Appellant next argues that the fee statements were not specific enough to allow the court to make a determination as to whether they related to the Lemon Law claim. The fee statements submitted to the court were clearly specific enough to allow the court to make a reasonable decision concerning whether the fees were reasonable. The trial court was familiar with the case, and was in a better position than this court to determine which claims were reasonably incurred in conjunction with the claim. In addition to the detailed fee statements, both attorneys for appellee testified at the hearing, and were cross-examined concerning the fees. Appellant was, therefore, given a reasonable opportunity to question counsel concerning any entries which it now claims were too vague.
Finally, appellant argues that appellee did not reasonably have two attorneys on the instant case. Appellant argues that the attorney fees are a duplication of the same work. This claim is without merit. The case took place in both Ohio and Virginia, rendering it logical to have an attorney both in Ohio and in Virginia. Numerous depositions took place outside the State of Ohio. Appellee had at least two lawyers listed as trial counsel in the matter. In addition, the time sheets reflect that the two attorneys involved in the case on behalf of appellee attempted to minimize any overlap of their time. In many of the depositions, only one of the lawyers appeared and billed time for the appearance. Appellee reasonably hired two attorneys to combat the several lawyers who appeared on behalf of appellant, in addition to lawyers who appeared for the Ford dealership.
The second Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00177
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.