OPINION
Plaintiff-Appellant, Gary France, [Mr. France], appeals the judgment of the Court of Common Pleas of Hardin County, Ohio, which granted the motion to dismiss of Defendant-appellee, Barbara France [Mrs. France].
On September 8, 1993, Mr. France signed a separation agreement which had been prepared by his attorney. Mrs. France signed the document on September 23, 1993, after consultation with an independent lawyer. At this time, the parties also agreed to a modification of one of the agreement's provisions which pertained to taxes. By November, 1993, after the parties had an interview with the court referee and a hearing before the Court of Common Pleas, Domestic Relations Division, of Hardin County, Ohio, the requested dissolution was granted. The terms of the dissolution decree and separation agreement provided, among other things, that Mr. France would pay weekly amounts for spousal support to the Child Support Enforcement Agency of Hardin County [CSEA].
Three years later, Mr. France informed CSEA that he was terminating his spousal support payments pursuant to the separation agreement. Mr. France stated that the spousal support provisions of the separation agreement were to be in effect for a three year time period. CSEA disagreed, maintaining that the agreement included no three year duration clause. Instead, CSEA asserted that the separation agreement provided for lifetime benefits to Mrs. France.
Thereafter, Mr. France filed a complaint for reformation of contract with the Court of Common Pleas of Hardin County, Ohio on December 27, 1996. As grounds for the complaint, Mr. France asserted that:
 The plaintiff and defendant orally agreed to spousal support for three (3) years with no modification by either party. However, through mutual mistake said writing failed to recite this agreement correctly.
In response, Mrs. France denied the existence of such an oral agreement. Further, she asserted that the trial court lacked jurisdiction over this matter pursuant to the terms of the separation agreement and its subsequent incorporation into the dissolution decree. On September 8, 1997, the matter came before the trial court for trial on the reformation of contract issue. However, after voir dire but prior to the swearing of the jury, the trial court dismissed the case. The effect of this ruling was to leave intact Mr. France's obligation for spousal support.
Following the trial court's decision, Mr. France filed this appeal, in which he asserts two assignments of error:
 I. The trial court committed error when it sua sponte dismissed this action by converting a filed Civil Rule 12(H)(3) motion to dismiss for lack of subject matter jurisdiction to a summary judgment on the date of trial.
 II. The trial court committed error when it held there was no cause of action for reformation of contract that is applicable because the same was not incorporated into the dissolution decree.
Given our resolution of this matter, the errors will be addressed simultaneously.
When a couple requests a dissolution, the trial court acts pursuant to R.C. 3105.65(B). This provision states:
 If * * * the court approves the separation agreement and any amendments to it agreed upon by the parties, it shall grant a decree of dissolution of marriage that incorporates the separation agreement. The court has full power to enforce its decree and retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, and to visitation. The court, only in accordance with division (E)(2) of section 3105.18 of the Revised Code, may modify the amount or terms of spousal support.
As referenced in the above statute, R.C. 3105.18(E)(2) states:
 If * * * a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the * * * spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
* * *
 (2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
On the day this matter was scheduled for trial, the trial court announced as its decision regarding Mrs. France's motion to dismiss that it possessed the jurisdiction to hear this matter. Thereafter, the court observed that neither the separation agreement nor the dissolution decree made a reservation of jurisdiction for future spousal support modifications. The court also noted that the dissolution decree did not specify a termination date for the spousal support payments in contrast to the separation agreement which provided for lifetime spousal support. Further review of the separation agreement and the dissolution decree led the court to hold that the spousal support obligation arose as a direct order of the trial court, although it appears that the spousal support provisions of the separation agreement were not incorporated or adopted by reference into the dissolution decree. These findings were reflected in the court's September 24, 1997 judgment entry.
The provisions within the separation agreement upon which the trial court relied in reaching its decision were:
ARTICLE 2- SPOUSAL SUPPORT
 There shall be permanent spousal support from husband/obligor to wife/obligee. * * * Said payments shall commence the first Monday after the filing of a final decree of dissolution ending the parties marriage. * * * Pursuant to 3105.18(B) of the Ohio Revised Code spousal support shall terminate upon the death of either party. THERE IS NOT ANY RESERVATION OF JURISDICTION TO MODIFY SPOUSAL SUPPORT.
[Emphasis sic.]
* * *
ARTICLE 19- MISCELLANEOUS
 The parties further agree that this Agreement shall be construed in accordance with the Statutes of the State of Ohio, and that the parties have incorporated herein their complete understanding, and that no oral statements or prior written matters shall have any force or effect. The parties further acknowledge and agree that each has had independent legal advice of his or her own selection, and that each fully understands the facts, and has been fully informed as to his or her legal rights and obligations, and that having such advice, and with such knowledge, each of them has signed this Agreement freely and voluntarily.
In summary, this document evidences Mr. and Mrs. France's agreement for Mrs. France to receive spousal support on a permanent basis, but terminating upon the death of either party. Significantly, the couple clearly intended for the trial court to retain no jurisdiction for any future modifications of spousal support, as these provisions of the agreement were capitalized and underlined.
The terms of the dissolution decree in which the trial court found support for its decision are:
 The obligor/petitioner, GARY B. FRANCE shall henceforth pay to the Hardin County Child Support Enforcement Agency the sum of $50.00 every week (i.e. 52 pays), plus poundage of 2% or a total weekly of $51.00 dollars for spousal support.
The decree did not specifically order compliance with the separation agreement for the spousal support terms and no termination date was set forth separately in the decree. However, we also note that the dissolution decree failed to retain jurisdiction which by operation of law would preclude any review for spousal support modifications. See R.C. 3105.18(E)(2).
Thus, after reviewing the record, we conclude that the result which the trial court reached was proper, although not necessarily for the reasons stated by that court. Specifically, we find that based on the terms of the separation agreement and the dissolution decree, the trial court lacked subject matter jurisdiction to render a decision on this issue. In short, the terms of the separation agreement pertaining to the longevity of spousal support, while not precisely reiterated in the dissolution decree, remain unmodified by that decree. Accordingly, neither of these documents permit the trial court to review any questions of spousal support.
Finally, we are unable to say, in any event, that the amount paid to Mrs. France is inconsistent with the principle that support payments must be reasonable. As stated in Kunkle v. Kunkle
(199), 51 Ohio St.3d 64, paragraph three of the syllabus:
 An award of sustenance alimony must not exceed an amount which is reasonable.
As identified in the separation agreement, the amount of $51.00 a week until the death of either party, appears to have been negotiated between the parties and their respective counsel. Under these circumstances, it is quite plausible that for Mr. France's agreement to pay spousal support, Mrs. France agreed to a lesser amount which would be unmodifiable regardless of the change in circumstances. This was a marriage of considerable length, as well. At the time of the dissolution, the couple had been married for twenty-three years. Mrs. France was forty-seven years old. They had two minor children aged thirteen and sixteen, and one emancipated child. Mrs. France has not remarried. Mrs. France has also worked both during and after her marriage as a nurse with L.P.N. training at a doctor's office.
Thus, based on the terms of the separation agreement and the dissolution decree, we determine that contrary to the trial court's assertion, the trial court does not have jurisdiction to review the spousal support provisions set forth in the separation agreement. On the contrary, the record in this case clearly indicates that Mr. France is obligated to continue to pay to Mrs. France the support to which the parties agreed in the separation agreement. Accordingly, albeit for different reasons, than those set forth by the trial court, Mr. France's assignments of error are overruled and the judgment of the Court of Common Pleas of Hardin County, Ohio, is affirmed. See Einhorn v. Ford Motor Co.
(1990), 48 Ohio St.3d 27, 30.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.