OPINION
On Monday, October 22, 2001, a trial was held in small claims court between Plaintiff-Appellant Linda Schaefer and Defendant-Appellee Charlotte Stephenson. Schaefer apparently filed a claim against Stephenson for breach of a residential sales contract wherein Stephenson agreed to have the fireplace and chimney cleaned and inspected. Schaefer claims that once she moved into the residence, a chimney sweep inspected the fireplace and chimney and found approximately $1,200 in damages. Schaefer requested that a subpoena be served on this chimney sweep, but service was not made. Consequently, he did not appear at trial. However, Stephenson presented evidence that she did have the chimney and fireplace cleaned and inspected, and her chimney sweep found no damage. Schaefer did not move for a continuance of the trial on that date.
On October 24, 2001 at 9:00 A.M., Schaefer filed a motion to continue the trial date until her witness could be served to appear. Schaefer filed this motion two days after the trial was completed, citing as reason for the delay that she was unaware she should have requested a continuance at the time of trial. At 9:36 A.M. on October 24, 2001, the trial court rendered judgment for Stephenson because Schaefer did not prove her case by a preponderance of the evidence. Two minutes later, the trial court issued a decision denying Schaefer's delayed motion for continuance.
While her brief does not contain specific assignments of error, it appears Schaefer has appealed the trial court's decision denying the motion for continuance and has requested that she be allowed time to subpoena her witness again and retry the case.
The grant or denial of a continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. State v. Sanders (2001), 92 Ohio St.3d 245, 276. An abuse of discretion implies that the trial court acted with an arbitrary, unreasonable or unconscionable attitude when denying the continuance. State v. Aldridge (1997), 120 Ohio App.3d 122, 142, citingRuwe v. Springfield Bd. of Trustees (1987), 29 Ohio St.3d 59, 61.
While we sympathize with Schaefer that she was unaware of the necessity to ask for a continuance at the trial, inexperience with legal procedures does not relieve her of their requirements. See, Einhorn v. Ford MotorCo. (1990), 48 Ohio St.3d 27, 30. We cannot find that the trial court abused its discretion in failing to grant a continuance two days after the trial was completed. Accordingly, the trial court's decision denying the continuance is affirmed.
WOLFF, P.J., and FAIN, J., concur.