OPINION
Plaintiff-appellant Marianne Prince appeals from the trial court's final judgment entry declining to award her attorney's fees after a jury verdict in her favor on a breach-of-contract claim and a claim under the Ohio Consumer Sales Practices Act ("OCSPA"). Prince contends that the trial court improperly refused to award attorney's fees for defendant-appellee Campbell Roofing and Sheet Metal's violation of the OCSPA. She also argues that the trial court erred in refusing to award attorney's fees pursuant to Civ.R. 37. Finally, Prince asserts that the trial court erred in calculating her damages award.
We conclude that the trial court did not err in refusing to award attorney's fees under the OCSPA. With respect to Civ.R. 37, however, we find that the trial court erred in failing to address Prince's request for attorney's fees incurred as a result of Campbell Roofing's refusal to admit seemingly incontrovertible matters. Finally, we conclude that the trial court did not err in its calculation of Prince's damages award. The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 I
Prince hired Campbell Roofing to repair her leaking roof in 1999. The company's work consisted of replacing cracked and missing slates and installing metal pieces. Following the company's completion of its work, Prince's roof continued to leak and some of the slates slipped out of place. After failing to resolve the problem with Campbell Roofing, she called two other companies to inspect her roof. A representative of one company testified at trial that repairing a slate roof with caulking, as Campbell Roofing had done, was not standard practice and would not be considered workmanlike. A representative of the second company also testified that Campbell Roofing's work was not performed in a workmanlike manner as required by the terms of her contract. After Campbell Roofing completed its work, Prince received estimates of $2,634 to repair a sloped portion of her slate roof and $2,577 to repair a flat portion of the roof.
On January 30, 2001, a jury returned a verdict in favor of Prince and against Campbell Roofing on a breach-of-contract claim and a claim under the OCSPA.[1] On the breach-of-contract claim, the jury determined that Prince's actual damages were $1,700. The trial court awarded her three times that amount, or $5,100, pursuant to a "treble damages" provision of the OCSPA. After overruling Prince's request for attorney's fees under the OCSPA and Civ.R. 37, the trial court entered final judgment. Prince then filed this timely appeal in which she advances three assignments of error.
 II
Prince's first assignment of error states:
 "THE TRIAL COURT ERRED WHEN IT DENIED AN AWARD OF ATTORNEY FEES TO PLAINTIFF PURSUANT TO R.C. § 1345.09(F)."
In this assignment of error, Prince contends that she is entitled to attorney's fees under the OCSPA. Her argument implicates R.C. §1345.09(F)(2), which provides that a trial court "may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if . . . [t]he supplier has knowingly committed an act or practice that violates [the OCSPA]." In order for a court to award attorney's fees under this section, a defendant need only knowingly commit an act that violates the OCSPA. A defendant need not know that his conduct violates the statute. In other words, the knowledge requirement concerns a defendant's knowing commission of an act, not knowledge that his act is contrary to law. See, e.g., Einhorn v. Ford Motor Co. (1990),48 Ohio St.3d 27, 30.
In the case before us, the jury found that Campbell Roofing had violated the OCSPA but did not expressly decide whether it had done so "knowingly." As Prince herself recognizes, no jury instruction or interrogatory addressed this issue.[2] Notably, however, the jury did find that Campbell Roofing had committed an "unfair" or "deceptive" act, rather than an "unconscionable" act, in violation of the OCSPA. For purposes of attorney's fees, the trial court found this distinction to be significant because "knowledge" on the part of a defendant is not required to prove an "unfair" or "deceptive" act under the OCSPA. See, e.g., Thomas v. Sun Furniture and Appliance Co. (1978), 61 Ohio App.2d 78,80-81. In order to find an "unconscionable" act in violation of the statute, however, a jury must consider, inter alia, whether the defendant "knowingly" made a misleading statement. See R.C. § 1345.03(B)(6);Karst v. Goldberg (1993), 88 Ohio App.3d 413, 418.
In light of the foregoing distinction, the trial court concluded that Campbell Roofing did not "knowingly" commit an act that violates the OCSPA. In other words, given that the jury found an "unfair" or "deceptive" act, which did not require proof of Campbell Roofing's knowledge, and failed to find an "unconscionable" act, which did require an assessment of whether the company knowingly made a misleading statement, the trial court declined to find that Campbell Roofing acted "knowingly" for purposes of attorney's fees. (Doc. #62 at 3-4). Thereafter, in response to a motion for reconsideration, the trial court again refused to award attorney's fees under the OCSPA, relying largely on the jury's determination that Campbell Roofing had committed an "unfair" or "deceptive" act, but not an "unconscionable" one. (Doc. #66 at 3).
Although Prince quarrels with the trial court's reliance on the jury's verdicts to support its denial of attorney's fees, we find no abuse of discretion. Absent a jury instruction or interrogatory specifically addressing the issue of whether Campbell Roofing acted with the requisite knowledge to support an award of attorney's fees, we conclude that the trial court reasonably drew inferences from the jury's verdicts on the OCSPA claims themselves and found attorney's fees to be unjustified. In so doing, the trial court did not abuse its discretion. Accordingly, we overrule Prince's first assignment of error.[3]
 III
Prince's second assignment of error provides:
 "THE TRIAL COURT ERRED WHEN IT DENIED AN AWARD OF ATTORNEY FEES TO THE PLAINTIFF PURSUANT TO CIV.R. 37."
In this assignment of error, Prince argues that the trial court erred in failing to award her attorney's fees under Civ.R. 37 on either of two distinct grounds. First, she contends that attorney's fees were appropriate due to Campbell Roofing's delay in providing her with discovery documents. Second, she argues that attorney's fees were warranted as a sanction for Campbell Roofing's failure to admit certain incontrovertible facts in response to her request for admissions.
The record reflects that Prince moved for attorney's fees under the OCSPA and Civ.R. 37. (Doc. #57). In an April 2, 2001, decision, the trial court overruled her request for attorney's fees under the statute, but neglected to rule on her motion for fees under Civ.R. 37. (Doc. #62). Prior to the entry of final judgment, Prince moved for reconsideration with respect to her request for attorney's fees under the OCSPA. She also pointed out the trial court's failure to rule on her earlier request for attorney's fees under Civ.R. 37 as a result of Campbell Roofing's delay in providing her with discovery documents and its allegedly unjustified denial of incontrovertible facts in response to her request for admissions.[4] (Doc. #63 at 5-7). On August 17, 2001, the trial court entered final judgment and again declined to award Prince any attorney's fees. Concerning her request for fees under Civ.R. 37, the trial court stated: "With respect to [the] claim of discovery violations, this Court finds that Plaintiff was not prejudiced by the untimely delay of the Defendant and will therefore not award attorney's fees." (Doc. #66 at 3). The trial court's August 17, 2001, ruling was silent concerning an award of fees as a sanction for Campbell Roofing's failure to admit certain facts in its response to the request for admissions.
Upon review, we conclude that the trial court did not abuse its discretion in refusing to award attorney's fees under Civ.R. 37 as a sanction for Campbell Roofing's failure to provide Prince with timely access to discovery documents. In reaching this conclusion, we look to a January 23, 2001, entry, in which the trial court overruled a joint motion for a continuance based on the company's admittedly tardy production of the documents in question. Therein, the trial court found that the documents were "more appropriately related to post-judgment collection issues," noting that they had "no relevance to the transaction between Defendant, Campbell's Roofing, and Plaintiffs." (Doc. #35 at 1).
In light of the foregoing finding, we cannot say that the trial court subsequently abused its discretion in refusing to award attorney's fees for Campbell Roofing's failure to disclose the documents in a timely manner. Under Civ.R. 37(B), a trial court shall require a party or his counsel to pay attorney's fees as a sanction for violating a discovery order unless the court finds that "circumstances make an award of expenses unjust." Given the trial court's finding that Prince suffered no prejudice, as the documents at issue were not relevant to matters presented at trial, the trial court reasonably concluded that attorney's fees were not warranted for Campbell Roofing's discovery violation.
We reach a different conclusion, however, with respect to Prince's argument that attorney's fees were proper under Civ.R. 37 as a result of Campbell Roofing's denial of seemingly incontrovertible matters in its response to her request for admissions. Civil Rule 37(C) provides: "If a party, after being served with a request for admission under Rule 36, fails to admit the genuineness of any documents or the truth of any matter as requested, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. Unless the request had been held objectionable under Rule 36(A) or the court finds that there was good reason for the failure to admit or that the admission sought was of no substantial importance, the order shall be made."
In the present case, Prince drafted a Civ.R. 36 request for admissions in which she asked Campbell Roofing to admit: (1) that it was a "supplier," (2) that she was a "consumer," and (3) that the transaction at issue was a "consumer transaction," as defined by the OCSPA. The company responded to the request for admissions by denying each of the foregoing facts. Prince later proved these facts at trial in connection with her successful OCSPA claim. On appeal, she argues that the foregoing facts were not reasonably subject to dispute and that Campbell Roofing had no good reason to deny those facts, which constituted essential elements of her statutory claim.
Upon review, we decline to decide, in the first instance, whether Prince is entitled to attorney's fees under Civ.R. 37 and, if so, the proper amount of those fees. A review of the trial court's August 17, 2001, ruling reveals that it still has not addressed this issue. The trial court, rather than this court, should make the initial determination regarding an award of attorney's fees as a result of Campbell Roofing's denial of the facts set forth above. Accordingly, we sustain Prince's second assignment of error in part, and we will remand this cause for the trial court to address the unresolved issue of attorney's fees under Civ.R. 37 as a sanction for Campbell Roofing's denial of facts later proven at trial.
 IV
Prince's third assignment of error states:
 "THE TRIAL COURT ERRED IN CALCULATING THE AMOUNT OF DAMAGES TO AWARD TO PLAINTIFF."
In her final assignment of error, Prince contends that the trial court should have awarded her treble damages under the OCSPA in addition to compensatory damages on her breach-of-contract claim. As noted above, the jury found in Prince's favor on both her breach-of-contract claim and her statutory claim under the OCSPA. With respect to the breach-of-contract claim, the jury found that she had proven actual damages of $1,700. Pursuant to § 1345.09(B) of the OCSPA, which authorizes an award of treble damages for certain violations, the trial court awarded her $5,100, which is three times her actual damages. On appeal, Prince insists that she was entitled to treble damages of $5,100 under the OCSPA and breach-of-contract damages of $1,700 for a total damages award of $6,800.
Upon review, we find Prince's argument to be unpersuasive. In Earnestv. Crown Chevrolet, Inc. (May 6, 1988), Miami App. No. 87-CA-38, we expressly rejected an argument that a plaintiff is entitled to recover breach-of-contract damages and damages under the OCSPA, reasoning that § 1345.09 "provides for the recovery of three times the damages not three times the damages in addition to the recovery of actual damages." See also Lawson v. Mack (April 19, 1991), Lucas App. No. L-90-230 (reasoning "that the legislature did not intend [§ 1345.09] to allow a consumer to recover four times his actual damages if both a CSPA violation and a breach of contract are proved"). As a result, the trial court correctly determined that Prince was not entitled to treble damages under the OCSPA and compensatory damages on her breach-of-contract claim. Accordingly, we overrule her third assignment of error.
 V
Prince's second assignment of error having been sustained in part, and her other assignments of error having been overruled, that part of the judgment of the trial court declining to award Prince attorneys fees as a sanction for denying facts that she had requested the admission of is reversed; the judgment of the trial court is affirmed in all other respects; and this cause is remanded for further proceedings consistent with this opinion.
GRADY and YOUNG, JJ., concur.
[1] Although Prince also named Burton Campbell as a defendant, the jury found in his favor. Prince has not challenged that decision on appeal.
[2] Although a jury, rather than a trial court judge, should determine whether a defendant acted "knowingly" with respect to a violation of the OCSPA, see Keiber v. Spicer Const. Co. (May 28, 1999), Greene App. Nos. 98CA23, 98CA30, Prince does not assign as error the trial court's failure to provide a jury instruction or an interrogatory on the issue of whether Campbell Roofing acted "knowingly." In any event, nothing in the record before us establishes that Prince ever submitted a proposed jury instruction or interrogatory on the issue or objected to the absence of such an instruction or interrogatory. Rather, Prince appears to have consented to the trial court's resolution of the attorney's fee issue.
[3] Parenthetically, we observe that the jury failed to identify the particular "unfair" or "deceptive" act that constituted Campbell Roofing's violation of the OCSPA. Notably, the record is devoid of evidence showing that Prince ever requested an interrogatory directing the jury to identify the specific act or practice that constituted a violation of the OCSPA. Absent such an interrogatory, it would be difficult for any court to conclude that Campbell Roofing acted "knowingly" when it committed its unspecified violation of the statute.
[4] In her motion for reconsideration, Prince added a new request for attorney's fees under Civ.R. 11 and R.C.§ 2323.51. The trial court declined to award fees under either the rule or the statute, and Prince has not challenged that decision on appeal.