[Cite as *Jones v. Diamond Warranty Corp.*, 2011-Ohio-6744.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ERIC JONES | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| DIAMOND WARRANTY CORP. | : | Case No. 2011CA00044 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Canton Municipal
                                                       Court, Case No. 2010CVF0016

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT:                        December 27, 2011

APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

RICHARD P. GIBBS                            EMILY R. YODER
1001 South Main Street                        3737 Embassy Parkway
North Canton, OH  44720                      Suite 100
                                                            P.O. Box 5521
                                                            Akron, OH  44334

*Farmer, J.*

{¶1} On October 30, 2009, appellee, Eric Jones, purchased a 2002 GMC Yukon from Maxwell's Auto Sales, LLC. Appellee also purchased a used car warranty from appellant, Diamond Warranty Corporation. Approximately one month later, the vehicle's transmission failed and needed repair. Appellee submitted the claim to appellant. Following a vehicle inspection, appellant determined the repairs were not covered under the warranty and denied the claim.

{¶2} On January 4, 2010, appellee filed a complaint against Maxwell's and appellant, claiming breach of contract and violations of the Consumer Sales Practices Act (hereinafter "CSPA"). A jury trial commenced on December 9, 2010. The jury found in favor of appellee, and awarded appellee $3,434.21 as against Maxwell's and $5,302.61 ($1,868.41 breach of warranty and $3,434.20 CSPA) as against appellant.

{¶3} Thereafter, appellee filed motions for attorney fees and treble damages. A hearing was held on January 28, 2011. By final judgment filed February 4, 2011, the trial court awarded appellee $15,000.00 as against Maxwell's and appellant, jointly and severally, for violations of the CSPA. The trial court also awarded appellee $40,837.50 for attorney fees and $2,381.39 for expenses.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED IN AWARDING PLAINTIFF/APPELLEE ATTORNEY FEES AND COSTS."

II

{¶6}    "THE TRIAL COURT ERRED IN FINDING DEFENDANT/APPELLANT, DIAMOND WARRANTY CORP., AND DEFENDANT, MAXWELL'S AUTO SALES, LLC, JOINTLY AND SEVERALLY LIABLE."

I

{¶7}    Appellant claims the trial court erred in awarding appellee treble damages and attorney fees under R.C. 1345.09(F)(2).  We disagree.

{¶8}    In reaching its final judgment, the trial court relied on Civ.R. 49 (B) which states the following:

{¶9}    "**(B) General verdict accompanied by answer to interrogatories**

{¶10}  "The court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument.\*\*\*The interrogatories may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law.

{¶11}  "\*\*

{¶12}  "When the general verdict and the answers are consistent, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58.  When one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial."

{¶13}  As a primary step, we shall address the appropriateness of the trial court's use of Civ.R. 49(B).  We conclude, as did the trial court, that the initial step is to

determine if the interrogatories are clear and unambiguous. This was the only avenue available to the trial court, save a new trial, because during the reading of the verdict, no specific challenge was made thereby forestalling a return of the issue to the jury.

{¶14} The issue of inconsistency centers on the general verdict rendered by the jury on Counts 1 and 2:

{¶15} "We the jury, being duly sworn, find that the Plaintiff did prove that Defendant Diamond Warranty Corp. breached a contract with the Plaintiff and should be awarded damages in the amount of $1868.41.

{¶16} "We the jury, being duly sworn, find that the Plaintiff did prove that Defendant Diamond Warranty Corp. committed a violation of the Consumers Sales Practices Act and should be awarded damages in the amount of $3434.20. Furthermore, we find that Defendant Diamond Warranty Corp. did make a bona fide error."

{¶17} In answering Interrogatory Nos. 7 and 8, the jury found appellant committed unconscionable acts, i.e., lack of training of agents, vague guidelines, and lack of inspection guidelines. In Interrogatory No. 3, the jury found appellant did not commit an unfair or deceptive act. Parallel to this interrogatory was Interrogatory No. 10 wherein the jury found appellant did not knowingly commit an unfair or deceptive act. Reading these interrogatories with the jury's general verdict on bona fide error, appellant argues the trebling of damages and attorney fees are not available under R.C. 1345.11(A) which states the following:

{¶18} "In any case arising under Chapter 1345. of the Revised Code, if a supplier shows by a preponderance of the evidence that a violation resulted from a

bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error, no civil penalties shall be imposed against the supplier under division (D) of section 1345.07 of the Revised Code, no party shall be awarded attorney's fees, and monetary recovery shall not exceed the amount of actual damages resulting from the violation."

{¶19} However, as we noted, the jury found appellant committed unconscionable acts in Interrogatory No. 7. The trial court's jury instructions specifically separated out deceptive acts from unconscionable acts. Therefore, the jury properly considered two types of violations of R.C. Chapter 1345, finding unconscionable acts but no deceptive acts. To support this conclusion, Interrogatory Nos. 1 and 2 found Maxwell's Auto Sales committed an unfair or deceptive act, i.e., "[g]ood as factory warranty." Interrogatory Nos. 5 and 6 found unconscionable acts committed by Maxwell's, i.e., "[h]e was lead to believe it had a valid warranty."

{¶20} A bona fide error is a mistake "made unintentionally; inadvertently; in good faith." Black's Law Dictionary (6 Ed.1990) 177.

{¶21} It is interesting to note that in arguments to the jury, appellant did not delineate a bona fide error to meet the requirements of the exception, i.e., the "maintenance of procedures reasonably adopted to avoid the error."

{¶22} Appellant's defense at trial was to argue via its witness, Ryan Curry, the vehicle inspector, that the subject warranty did not cover the transmission failure because it was a pre-existing condition and the vehicle had been modified. T. at 141-143. If the jury had found Mr. Curry's decision was the unconscionable act, it would

have clearly fit within the good faith exception because Mr. Curry was an independent contractor for appellant.

{¶23} Appellant's witnesses testified Maxwell's employees and agents were properly trained, but the jury rejected the testimony in Interrogatory No. 8. In answering Interrogatory No. 10 on the issue of "unfair and deceptive act or practice" by appellant, the jury found it was not knowingly done. This answer was basically unnecessary given the jury's decision in Interrogatory No. 3 wherein the jury found appellant had not committed any unfair or deceptive acts.

{¶24} We are left with no definitive response from the jury on whether appellant's unconscionable acts were knowingly done. Because the specific instances listed were acts of omission as well as commission, the requirement of the exception in R.C. 1345.11 did not demonstrate "maintenance of procedures reasonably adopted to avoid the error." Further, we conclude the general verdict was totally inconsistent with the interrogatories.

{¶25} It is incumbent upon a claim pursuant to R.C. Chapter 1345 to determine if the act found to be unconscionable was knowingly committed. See, R.C. 1345.09(F)(2). The Supreme Court of Ohio addressed this element in *Einhorn v. Ford Motor Company* (1990), 48 Ohio St.3d 27, 30, as follows:

{¶26} "This legislative purpose is better safeguarded by finding that 'knowingly' committing an act or practice in violation of R.C. Chapter 1345 means that the supplier need only intentionally do the act that violates the Consumer Sales Practices Act. The supplier does not have to know that his conduct violates the law for the court to grant

attorney fees. This reasoning is found in cases such as *Brooks v. Hurst Buick–Pontiac–Olds–GMC* (1985), 23 Ohio App.3d 85, 23 OBR 150, 491 N.E.2d 345.

{¶27} "We find that the plain meaning of R.C. 1345.09(F)(2) dictates the *Brooks* result and comports with the legislative intent. The language ' * * * knowingly committed an act or practice that violates this chapter' requires that for liability to attach, a supplier must have committed a deceptive or unconscionable act or practice. This conduct must violate the Consumer Sales Practices Act. The statutory language does *not* state that the supplier must act with the knowledge that his acts violate the law, as appellee contends. 'Knowingly' modifies 'committed an act or practice' and does not modify 'violates this chapter.'

{¶28} "To find otherwise would deny attorney fees to consumers even though the supplier might have blatantly violated the Consumer Sales Practices Act. Such a conclusion flies in the face of the common-law maxim that ignorance of the law is no excuse. Roberts & Martz, *supra,* at 957."

{¶29} Therefore, the issue is whether the lack of training and inspection guidelines were intentional acts. By rejecting the testimony of Brady Bulger and Brian Pica on the issue of training by inference, the jury found appellant's acts to have been done pursuant to the *Einhorn* standard.

{¶30} Having found the unconscionable acts were knowingly done, the next issue is how it jells with the good faith exception in R.C. 1345.11. Clearly the "knowingly" unconscionable act does not fit with the good faith exception because the jury specifically rejected the training practices in the interrogatory.

{¶31} Upon review, we find the trial court did not err in awarding appellee treble damages and attorney fees.

{¶32} Assignment of Error I is denied.

II

{¶33} Appellant claims the trial court erred in finding it was jointly and severally liable for the damages as the jury found it was responsible for less than fifty percent of the tortious conduct. We disagree.

{¶34} Appellant argues R.C. 2307.22(A) does not apply sub judice because the action was a contract action, not a tort action. R.C.2307.22(A) states the following:

{¶35} "(A) Subject to sections 2307.23 and 2307.24 and except as provided in division (B) of section 2307.70, division (B) of section 4507.07, section 4399.02, or another section of the Revised Code that expressly establishes joint and several tort liability for specified persons, joint and several tort liability shall be determined as follows:

{¶36} "(1) In a tort action in which the trier of fact determines that two or more persons proximately caused the same injury or loss to person or property or the same wrongful death and in which the trier of fact determines that more than fifty per cent of the tortious conduct is attributable to one defendant, that defendant shall be jointly and severally liable in tort for all compensatory damages that represent economic loss.

{¶37} "(2) If division (A)(1) of this section is applicable, each defendant who is determined by the trier of fact to be legally responsible for the same injury or loss to person or property or the same wrongful death and to whom fifty per cent or less of the tortious conduct is attributable shall be liable to the plaintiff only for that defendant's

proportionate share of the compensatory damages that represent economic loss. The proportionate share of a defendant shall be calculated by multiplying the total amount of the economic damages awarded to the plaintiff by the percentage of tortious conduct as determined pursuant to section 2307.23 of the Revised Code that is attributable to that defendant.

{¶38} "(3) In a tort action in which the trier of fact determines that two or more persons proximately caused the same injury or loss to person or property or the same wrongful death and in which the trier of fact determines that fifty per cent or less of the tortious conduct is attributable to any defendant against whom an intentional tort claim has been alleged and established, that defendant shall be jointly and severally liable in tort for all compensatory damages that represent economic loss.

{¶39} "(4) If division (A)(3) of this section is applicable, each defendant against whom an intentional tort claim has not been alleged and established, who is determined by the trier of fact to be legally responsible for the same injury or loss to person or property or the same wrongful death, and to whom fifty per cent or less of the tortious conduct is attributable shall be liable to the plaintiff only for that defendant's proportionate share of the compensatory damages that represent economic loss. The proportionate share of a defendant shall be calculated by multiplying the total amount of the economic damages awarded to the plaintiff by the percentage of tortious conduct as determined pursuant to section 2307.23 of the Revised Code that is attributable to that defendant."

{¶40} In Interrogatory No. 43, the jury specifically found Maxwell's was an agent of appellant's. R.C. 2307.24(B) states the following:

{¶41}  "Sections 2307.22 and 2307.23 of the Revised Code do not affect any other section of the Revised Code or the common law of this state to the extent that the other section or common law makes a principal, master, or other person vicariously liable for the tortious conduct of an agent, servant, or other person.  For purposes of section 2307.22 of the Revised Code, a principal and agent, a master and servant, or other persons having a vicarious liability relationship shall constitute a single party when determining percentages of tortious conduct in a tort action in which vicarious liability is asserted."

{¶42}  We find R.C. 2307.24(B) controls in this case and the trial court's decision on joint and several liability was based upon the jury's consideration in Interrogatory No. 43, as well as by implication in Interrogatory No. 8.  Further, appellee's complaint is based on contract, warranty, and the Consumer Sales Practice Act.

{¶43}  Upon review, we find the trial court did not err in finding appellant was jointly and severally liable for the damages.

{¶44}  Assignment of Error II is denied.

{¶45} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ Julie A. Edwards_____

JUDGES

[Cite as *Jones v. Diamond Warranty Corp.*, 2011-Ohio-6744.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ERIC JONES | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DIAMOND WARRANTY CORP. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00044 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ Julie A. Edwards_____

JUDGES