This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Ronald L. White and Mary White ("the Whites"), appeal from the judgment of the Wayne County Court of Common Pleas. We affirm.
On June 18, 2001, the Whites filed a motion for treble damages and attorney fees based upon a jury verdict awarding the Whites damages for a violation of the Ohio Consumer Sales Practices Act ("CSPA"). Based upon the interrogatories, the jury found that Joseph Hornbeck violated the CSPA by representing to the Whites that his work would be done in a timely manner. Subsequently, the court held a hearing on the Whites' claim for attorney fees and treble damages pursuant to the CSPA. The trial court denied the Whites' motion. This appeal followed.
The Whites assert one assignment of error:
 "The trial court committed error as a matter of law to the prejudice of the rights of the Appellants by applying an improper standard in determining whether to award treble damages and attorney's fees under the Consumer Sales Practices Act."
The Whites assert that the trial court erred when it applied the improper standard and, consequently, did not award treble damages and attorney fees pursuant to the CSPA. We disagree.
Under the CSPA, pursuant to R.C. 1345.09(B), a consumer may collect treble damages only "[w]here the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03
of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code[.]"
Accordingly, for treble damages to be awarded pursuant to R.C.1345.09(B): (1) the act or practice must have been declared, pursuant to R.C. 1345.05(B)(2), to be deceptive or unconscionable by a regulation promulgated by the Attorney General, or (2) an Ohio court must have previously determined that the act or practice violated R.C. 1345.02 or 1345.03 and that court decision must have been made available for inspection by the public under R.C. 1345.05(A)(3). See Snider v. Conley'sServ. (June 12, 2000), 5th Dist. No. 1999CA00153. With regard to the second option, R.C. 1345.05(A)(3) provides that the Attorney General shall "[m]ake available for public inspection * * * all judgments, including supporting opinions, by courts of this state that determine the rights of the parties * * *, determining that specific acts or practices violate [R.C.] 1345.02 or 1345.03[.]" Whether treble damages should be awarded for a violation of the CSPA is a legal issue for the trial court. Snider, supra.
Pursuant to R.C. 1345.09(F)(2), a "court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if * * * [t]he supplier has knowingly committed an act or practice that violates this chapter." A supplier does not need to know that his conduct violates the CSPA for a court to award attorney fees.Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27, 30. However, "[t]he General Assembly's use of the word `may' indicates the award is discretionary, not automatic." Brzezinski v. Feuerwerker (Sept. 14, 2000), 8th Dist. No. 74288. The decision whether to grant, allocate, or deny attorney fees rests within the sound discretion of the trial court, and such decision will not be disturbed absent an abuse of discretion. Id.
In the present case, pertaining to the Whites' motion for treble damages, the jury found in an interrogatory that Mr. Hornbeck violated the CSPA by representing to the Whites that the work would be done in a timely manner. In denying the Whites' motion for treble damages, the trial court found that they had not met the statutory requirements of R.C. 1345.09(B). Specifically, the court noted that the Whites had presented no evidence that Mr. Hornbeck's actions were a violation pursuant to a decision that had been made available for inspection as required under R.C. 1345.09(B). On appeal, the Whites assert that they provided the trial court with decisions demonstrating that not performing in a timely manner is an act or practice determined by a court of this state to violate R.C. 1345.02 or 1345.03 and, further, such act was committed after such decisions had been made available for public inspection pursuant to R.C. 1345.05(A)(3).
Upon review, we find that the Whites failed to provide the trial court with any evidence that the decisions that they referred to in their request for treble damages were ever part of the public inspection file of the Attorney General's office as required by R.C. 1345.05(A)(3). Without deciding whether the decisions provided to the trial court demonstrated that Mr. Hornbeck's actions were an act or practice determined by a court of this state to violate R.C. 1345.02 or 1345.03, we note that the Whites merely stated in their motion that the decisions that they referred to were on file in the Attorney General's office. They, however, never presented any evidence that the decisions were in fact made part of the public inspection file of the Attorney General's office.[1] See, generally, Fribourg v. Vandemark (July 26, 1999), 12th Dist. No. CA99-02-017; see, also, Miner v. Jayco, Inc. (Aug. 27, 1999), 6th Dist. No. F-99-001. Consequently, the trial court did not err in holding that there was no evidence that Mr. Hornbeck's actions were a violation pursuant to a decision that had made available for inspection as required under R.C. 1345.09(B).
In the case at bar, regarding the Whites' motion for attorney fees, the trial court found that there was no evidence before the court that Mr. Hornbeck's violation was committed knowingly. The Whites assert that the trial court applied the incorrect standard in denying their motion for attorney fees, as they had established knowledge on the part of Mr. Hornbeck as defined by statute and case law.
The Whites' argument hinges upon an evaluation of the trial court record to determine whether Mr. Hornbeck's violation of the CSPA was committed knowingly. In accordance with App.R. 9(B), it is the duty of the party appealing to ensure that the record, or whatever portions thereof are necessary for the determination of an appeal, are filed with the court in which he or she seeks review. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 19; see, also, Loc.R. 5(A). In the absence of those portions of the record necessary for the resolution of the assigned errors, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. As the Whites have failed to include in the appellate record the trial transcript, we cannot determine whether Mr. Hornbeck's violation of the CSPA was committed knowingly. Accordingly, we must presume the validity of the trial court's proceedings.
Lastly, in the judgment entry, the trial court commented that there appeared to be some inconsistencies in the jury's answers to the interrogatories. The court noted, however, that none of the interrogatories pertained to whether Mr. Hornbeck had knowingly committed the CSPA violation. In their assignment of error, the Whites appear to argue that the trial court did not have authority to determine that the interrogatories were inconsistent and, further, that such determination resulted in the application of the improper standard in the trial court's denial of the motion for treble damages and attorney fees. Without deciding whether there are in fact any inconsistencies, we note that neither party has challenged either the verdict or the interrogatories. The Whites only now assert that the trial court's comments resulted in the improper standard being applied. In the trial court's opinion, it is clear that the trial court did not rely upon these comments in making its determination as to the availability of the remedies of treble damages and attorney fees. As the trial court's denial of the motion for treble damages and attorney fees was not based upon any supposed inconsistency but rather upon an application of R.C. 1345.01 et seq. to the facts of the case, the Whites' argument is without merit. Accordingly, the Whites' assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
BAIRD, P.J., WHITMORE, J. CONCUR.
[1] Reaching no holding on the matter, we express concern that, in attempting to demonstrate that Ohio courts had found a violation of the CSPA for a similar act or practice, the Whites merely provided an extensive, onerous list of decisions to the trial court without specifically addressing their relevance to the matter at hand. Further, after a cursory review of the decisions referenced, it appears as if some have no application to the issues raised in the present case. The better practice would be to address the specific opinions and explain those opinions' relevance to the case being argued.