[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} This is an appeal by defendants-appellants, Norman's Auto Sales, Norman Smith and Janice Smith, from a judgment of the Franklin County Municipal Court, overruling defendants' objections to a magistrate's decision and entering judgment in favor of plaintiff-appellee, Phelicia Howard.
 {¶ 2} This action arose out of plaintiff's purchase of an automobile from Norman's Auto Sales on October 2, 2001. On March 14, 2002, plaintiff filed a complaint against defendants, alleging causes of action for breach of express warranty, fraud, and violations of the Consumer Sales Practices Act and the Truth in Lending Act.
 {¶ 3} The case was referred to a magistrate of the trial court who conducted a hearing on May 14, 2002. On June 18, 2002, the magistrate issued a decision, including findings of fact and conclusions of law. At the hearing, plaintiff testified that on October 2, 2001, she visited Norman's Auto Sales and informed defendant Norman Smith ("Smith") that she needed a reliable car. Smith showed plaintiff a 1987 Oldsmobile; according to plaintiff, Smith made representations that the car was in good condition, that it would not need repairs for six to eight months, and that she could sell the car for twice what she was paying for it.
 {¶ 4} Plaintiff testified that she relied upon Smith's representations in her decision to purchase the vehicle. Plaintiff bought the car, financed by a "Note and Security Agreement" provided by defendants. The total price of the purchase was $1,544.32, including tax, title, and a $129 "customer account charge." Plaintiff testified that Smith informed her that there were no financing fees involved in the transaction; plaintiff further testified that the account charge "was basically for him taking the payments, writing the receipts and keeping track of the payments that were made." (Tr. at 37.) In his findings of fact, the magistrate found that the customer account charge "was not disclosed to plaintiff as a finance charge for that extension of credit."
 {¶ 5} The magistrate further found that "the car was not in good condition and was not reliable." Specifically, on October 3, 2001, the day after the purchase, plaintiff learned that the fuel gauge was broken. Plaintiff testified that she phoned Smith at the time, and he told her, "Oh yeah, I forgot to tell you the fuel gauge is broken." (Tr. at 21.) Plaintiff related that, a day later, "the vacuum hose came off, which caused the car to shake uncontrollably, and the brakes went out." (Tr. at 23.) Shortly thereafter, plaintiff learned that the motor mount, vacuum hose, and radiator needed replaced. Plaintiff then attempted to return the car, but defendants refused to refund plaintiff's money and revoke the sale.
 {¶ 6} In November of 2001, plaintiff paid a friend $210 to have the motor mount, starter, and radiator replaced. Plaintiff continued to have problems with the car until December 4, 2001. On that date, she took the car back to defendants, who discovered that the frame was broken and that the car was unsafe to drive. Defendants promised to find a replacement vehicle for plaintiff, and the car remained at defendants' dealership. The magistrate made a finding that defendants did not offer a replacement car without additional costs to plaintiff.
 {¶ 7} During the hearing, counsel for plaintiff represented that "ten hours of legal intern time and twelve hours of attorney time" had been spent in preparing plaintiff's case, totaling $2,260 in attorney fees. (Tr. at 96.) In his decision, the magistrate found that the trial of this matter for plaintiff consumed ten hours of legal intern time billed at $75 per hour, as well as ten hours of attorney time billed at the rate of $125 per hour, for a total of $2,000 in attorney fees.
 {¶ 8} Based on the evidence presented and a determination of the credibility of the witnesses, the magistrate concluded that plaintiff had proven her case by a preponderance of the evidence. Specifically, the evidence established that defendants breached an express warranty through Smith's representations that the car was in good, reliable condition and that it would not need any repairs for six to eight months. The magistrate further found that defendants committed an unfair, deceptive or unconscionable act in violation of R.C. 1345.02 and 1345.03, the Consumer Sales Practices Act, and that defendants violated Section 1640, Title 15, U.S. Code, the Truth in Lending Act, by failing to disclose a finance fee of $129. The magistrate recommended judgment for plaintiff in the amount of $3,000, plus attorney fees in the amount of $2,000, along with costs and interest.
 {¶ 9} Defendants subsequently filed objections to the magistrate's decision. By entry filed August 14, 2002, the trial court overruled defendants' objections and adopted the magistrate's decision.
 {¶ 10} On appeal, defendants set forth the following four assignments of error for review:
 {¶ 11} "[I.] The trial court erred in adopting the trial court's previous decision adopting the magistrate's decision awarding attorney fees against appellants in the amount of $2,000 since the record contains insufficient evidence of the work performed by the attorneys or the reasonable value of their services.
 {¶ 12} "[II.] The trial court erred in adopting the trial court's previous decision adopting the magistrate's decision awarding attorney fees against appellants in the amount of $2,000 because the magistrate failed to list the basis for the fee determination.
 {¶ 13} "[III.] The trial court erred in adopting the trial court's previous decision adopting the magistrate's decision awarding attorney fees against appellants in the amount of $2,000 because the plaintiff-appellee failed to prove that any violation of the Consumer Sales Practices Act by defendants-appellants was done knowingly as required by R.C. 1345.09(F)(2).
 {¶ 14} "[IV.] The trial court erred in adopting the trial court's previous decision adopting the magistrate's decision because the finding that defendants-appellants violated the Consumer Sales Practices Act is against the manifest weight of the evidence."
 {¶ 15} Defendants' first and second assignments of error, challenging the trial court's award of attorney fees, are interrelated and will be discussed together. Under these assignments of error, defendants argue the record contains insufficient evidence of the work performed by plaintiff's attorneys or the reasonable value of the services, and that the magistrate erred in failing to list the basis for the fee determination.
 {¶ 16} In general, the Consumer Sales Practices Act "allows the trial court, in its discretion, to award reasonable attorney fees if '[t]he supplier has knowingly committed an act or practice that violates this chapter.'" Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27, 29, quoting R.C. 1345.09.
 {¶ 17} At the outset, we note that a review of the objections filed by defendants to the magistrate's decision indicates that defendants did not contest the reasonableness of the attorney fees awarded, nor did they contend the magistrate erred in failing to list the basis for such determination. Further, of the four objections filed by defendants, only one makes reference to attorney fees; however, defendants' sole argument was that the court was without jurisdiction to award a judgment exceeding the amount of $3,000 (i.e., that the total award of $5,000, including $2,000 for attorney fees, "is two thousand dollars * * * beyond the jurisdictional limit of the court and is thus invalid"). In light of the nature of the objection, the trial court never addressed issues relating to the reasonableness of the fees or whether there was an adequate basis for such fees.
 {¶ 18} Civ.R. 53(E)(3)(b) states as follows:
 {¶ 19} "Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 20} In McLaughlin v. OhioHealth Corp., Franklin App. No. 02AP-492, 2002-Ohio-6836, this court discussed the provisions of Civ.R. 53(E)(3)(b), as follows:
 {¶ 21} "* * *' "Civ.R. 53(E) imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision."' * * * The staff notes of Civ.R. 53 provide that '[d]ivision (E)(3)(b) * * * reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection.' Further, in State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52, 53-54, the Ohio Supreme Court held that pursuant to Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule. * * *" (Citations omitted.)
 {¶ 22} As noted above, in the instant case, defendants did not raise in their objections before the trial court issues concerning the basis or reasonableness of the attorney fees. Having failed to object to the magistrate's findings of fact and conclusions of law on the issue of attorney fees, defendants have waived the error they now assign on appeal. Harper v. Harper, Franklin App. No. 01AP-1314, 2002-Ohio-4320 (appellant waived right to challenge evidence establishing that appellee incurred $4,500 in attorney fees where appellant did not raise it as an objection to the magistrate's decision).
 {¶ 23} Based upon the foregoing, defendants' first and second assignments of error are overruled.
 {¶ 24} We will consider defendants' third and fourth assignments of error in inverse order. Under the fourth assignment of error, defendants argue the trial court's decision finding that defendants' actions violated the Consumer Sales Practices Act was against the manifest weight of the evidence. Defendants contend the magistrate failed to identify what specific section of the Act was violated, and they further argue the evidence in this case fails to support a finding of a violation.
 {¶ 25} In reviewing a claim that a verdict is against the manifest weight of the evidence, an appellate court examines the entire record to determine if some competent, credible evidence going to all the essential elements of the case supports the judgment. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 26} R.C. Chapter 1345 sets forth Ohio's Consumer Sales Practices Act. The Ohio Supreme Court has noted that the Act is "a remedial law which is designed to compensate for traditional consumer remedies and so must be liberally construed pursuant to R.C. 1.11." Einhorn, supra, at 29.
 {¶ 27} Under the Act, R.C. 1345.02(A) prohibits a "supplier" from "commit[ing] an unfair or deceptive act or practice in connection with a consumer transaction," while R.C. 1345.03(A) prohibits a supplier from committing "an unconscionable act or practice in connection with a consumer transaction." R.C. 1345.02(B) states in part:
 {¶ 28} "Without limiting the scope of division (A) of this section, the act or practice of a supplier in representing any of the following is deceptive:
 {¶ 29} "(1) That the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have;
 {¶ 30} "(2) That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not[.]"
 {¶ 31} Ohio Adm. Code 109:4-3-16(B)(3) states that it shall be a deceptive and unfair act or practice for a dealer, in connection with the advertisement or sale of a motor vehicle to:
 {¶ 32} "Use any statement, layout, or illustration in any advertisement or sales presentation which could create in the mind of a reasonable consumer a false impression as to any material aspect of said advertised or offered vehicle, or to convey or permit an erroneous impression as to which vehicles are offered for sale at which prices[.]"
 {¶ 33} In the present case, plaintiff testified that she informed defendant Smith of her need for reliable transportation; however, the vehicle she purchased had mechanical deficiencies and did not conform to his representations. The magistrate found that representations by Smith that the vehicle was in good condition, would not need repairs for six to eight months, and that plaintiff could sell the car for twice what she was paying for it, created an express warranty, and plaintiff relied upon those representations as the basis for the bargain.
 {¶ 34} While statements of mere puffing or opinion would not be actionable under the Consumer Sales Practices Act, we construe the magistrate's decision as finding that plaintiff reasonably relied upon specific statements of fact about the character and quality of the vehicle, including how it would perform in the future. We conclude that the trier of fact, who heard evidence as to the circumstances surrounding the transaction, could have reasonably found that the supplier made factual assertions that went beyond just opinion. Smith acknowledged during the hearing that he told plaintiff that he had driven the car for a week and he did not see any problems with the vehicle. In light of evidence that plaintiff immediately began experiencing difficulties with the vehicle, the magistrate could have reasonably inferred that deficiencies existed at the time of the purchase. Further, plaintiff's testimony that Smith told her, a day after the purchase, that he forgot to inform her that the fuel gauge was broken, raises the inference that Smith had knowledge of a defect in the vehicle at the time of the sale.
 {¶ 35} On the trial of a case, either civil or criminal, the determination of witness credibility is within the province of the trier of fact. State v. DeHaas (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Upon review, we find that there was evidence upon which the trier of fact could have concluded that defendants made representations that the vehicle had certain performance characteristics, benefits, or qualities that it did not have, thereby supporting a finding that defendants violated the Consumer Sales Practices Act, and we further find the trial court's decision was not against the manifest weight of the evidence.
 {¶ 36} Accordingly, defendants' fourth assignment of error is without merit and is overruled.
 {¶ 37} Under their third assignment of error, defendants contend the trial court erred in awarding attorney fees where, it is contended, plaintiff failed to prove that defendant Smith's violations of the Consumer Sales Practices Act were done knowingly. Specifically, defendants assert there is no evidence that Smith had actual knowledge that his statements regarding the condition of the car violated the Act.
 {¶ 38} Assuming that this assignment of error is properly before us, we find no merit to defendants' contention. In interpreting the "knowingly committed" language, the Ohio Supreme Court has held that the consumer does not have to prove that the supplier knew that his conduct violates the law for the court to grant attorney fees; rather, "the supplier need only intentionally do the act that violates the Consumer Sales Practices Act" in order for the court to award reasonable attorney fees. Einhorn, supra, at 30. In light of our disposition of the fourth assignment of error, the record contains evidence by which the trier of fact could have found that Smith acted "knowingly," for purposes of R.C.1345.09, when he made the representations at issue. Further, the fact the magistrate may not have made an explicit finding of "knowingly" is not fatal to the award where the record supports such a finding, and where it is clear that the magistrate "implicitly found * * * [defendant] acted knowingly when it awarded attorney fees." Patterson v. Stockert (Dec. 13, 2000), Tuscarawas App. No. 2000AP-01-0002.
 {¶ 39} Accordingly, defendants' third assignment of error is overruled.
 {¶ 40} Based upon the foregoing, defendants' four assignments of error are overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
KLATT and TYACK, JJ., concur.