DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Edward O. Willis, appeals the decision of the Summit County Court of Common Pleas, which awarded Willis $19,938.00 in attorney's fees for his lemon law and related claims and granted appellee Ford Motor Company's ("Ford") motion for summary judgment on Willis' bad faith cause of action and claim for punitive damages. This Court affirms in part, and reverses in part.
 I. {¶ 2} On or about August 29, 1998, Willis purchased a Ford F-150 truck manufactured by Ford from Wadsworth Ford Sales ("Wadsworth Ford"). Subsequent to that purchase, Willis experienced excessive vibrations in the vehicle during operation. Attempts by the dealership to correct the problem were unsuccessful.
 {¶ 3} In August 1999, Willis submitted an application to the Dispute Settlement Board ("DSB"). The DSB is an arbitration procedure whose decisions are binding upon Ford. The DBS's decisions are not binding upon consumers, such as Willis, who are free to reject its decision and seek relief under applicable state or federal law.
 {¶ 4} On September 16, 1999, the DSB informed Willis in writing that it had awarded him the option of receiving a replacement vehicle or a refund for his current vehicle. The DSB's decision, if accepted by Willis, required Ford to refund the purchase price, sales tax, license and registration fees, and the cost of accessories installed by Willis. The decision also provided for a set off from those amounts of 8,944 miles that were on the vehicle at the time of the first repair attempt on the vehicle.
 {¶ 5} Willis rejected the DSB's decision and filed an action in the Summit County Court of Common Pleas again Ford and Wadsworth Ford,[1]
alleging claims under R.C. 1345.72, the Magnusson-Moss Act, breach of express and implied warranty, and breach of good faith.
 {¶ 6} On June 9, 2000, Ford filed its first confession of judgment as to the lemon law claim. However it did not include an amount for the accessories that Willis had added to the vehicle.
 {¶ 7} On August 22, 2000, Ford filed an amended confession of judgment, which included an amount for the accessories; however, the amount was incorrect. On October 31, 2000, Ford filed a second amended confession of judgment, which included the correct amount for the accessories added to the vehicle.
 {¶ 8} Ford's filing of its second amended confession of judgment decided the lemon law claim with regards to Ford. On August 24, 2000, Ford filed a motion for partial summary judgment with regards to Willis' bad faith cause of action and claim for punitive damages. The trial court granted Ford's motion for partial summary judgment and denied Willis' motion for punitive damages.
 {¶ 9} The matter then proceeded to a hearing on the issue of attorney's fees. Following the hearing, the court awarded Willis attorney's fees in the amount of $19,938. Both Willis and Ford filed post trial motions seeking relief from judgment regarding the amount of attorney's fees the trial court awarded Willis.
 {¶ 10} Before the trial court ruled on the post trial motions, Willis appealed to this Court, setting forth two assignments of error for review. Ford then filed a cross-appeal, setting forth one assignment of error.
 {¶ 11} Willis' second assignment of error and Ford's cross-assignment of error have been combined for ease of discussion as they raise the same issues.
 II. FIRST ASSIGNMENT OF ERROR
"The Trial Court Erred In Granting Defendant-appellee's Motion For Summary Judgment When It Found That Plaintiff-appellant Did Not Have A Cognizable Bad Faith Cause Of Action Or Punitive Damage Claim Under Ohio Law Against Ford For Failure To Comply In Good Faith With The Statutory Duty Created By Ohio's `Lemon Law'."
 {¶ 12} In his first assignment of error, Willis avers that the trial court erred in finding that he did not have a cognizable bad faith cause of action and a punitive damage claim against Ford. This Court disagrees.
 {¶ 13} Ohio's Lemon law is set forth in R.C. 1345.71 et seq. R.C.1345.72, which is the operative portion of the statute provides, in pertinent part:
"(A) If a new motor vehicle does not conform to any applicable express warranty and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, the manufacturer, its agent, or its authorized dealer shall make any repairs as are necessary to conform the vehicle to such express warranty, notwithstanding the fact that the repairs are made after the expiration of the appropriate time period.
"(B) If the manufacturer, its agent, or its authorized dealer is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any nonconformity after a reasonable number of repair attempts, the manufacturer, at the consumer's option and subject to division (D) of this section, either shall replace the motor vehicle with a new motor vehicle acceptable to the consumer or shall accept return of the vehicle from the consumer and refund each of the following:
"(1) The full purchase price;
"(2) All incidental damages, including, but not limited to, any fees charged by the lender or lessor for making or canceling the loan or lease, and any expenses incurred by the consumer as a result of the nonconformity, such as charges for towing, vehicle rental, meals, and lodging."
 {¶ 14} R.C. 1345.75 sets forth the action a consumer may take against a manufacturer who does not comply with R.C. 1345.72 and lists the remedies available to a consumer who is successful in bringing an action against such a manufacturer. Neither R.C. 1345.72 nor R.C. 1345.75
provides for punitive damages.
 {¶ 15} Furthermore, a review of R.C. 1345.71 et seq. reveals no provision for a bad faith cause of action against a car manufacturer. Consequently, this Court finds that R.C. 1345.71 et seq. are the controlling provisions for Lemon Law claims in Ohio and that the statutes do not provide for the recovery of punitive damages, nor do they create a cause of action for bad faith.
 {¶ 16} Willis' first assignment of error is overruled. The decision of the trial court is affirmed albeit for reasons different than expressed by that tribunal.
 SECOND ASSIGNMENT OF ERROR
"The Trial Court Erred In Only Awarding $19,938.00 In Reasonable Attorney's Fees And Costs To Plaintiff-appellant Incurred In Pursuing Its `Lemon Law' And Related Claims Against Defendant-appellee."
 CROSS-ASSIGNMENT OF ERROR
"The Trial Court Erred In Awarding Mr. Willis $19,938.00 In Attorney's Fees On His Lemon Law Claim."
 {¶ 17} In his second assignment of error, Willis argues that the trial court abused its discretion by only awarding him $19,938 in attorney's fees and by failing to award him costs as required by R.C.1345.75(A). In its cross-appeal, Ford argues that the fees Willis submitted were exorbitant and were incurred needlessly since most of Willis' fees were expended pursuing the attorney's fees claim after Ford had confessed judgment and made Willis whole.
 {¶ 18} R.C. Chapter 1345 is a remedial statute enacted to protect consumers and prohibit suppliers from engaging in proscribed consumer sales practices. Einhorn vs. Ford Motor Company (1990), 48 Ohio St.3d 27. In addition to recovering all monies associated with the purchase of a vehicle, the consumer is entitled to reasonable attorney fees and all court costs upon prevailing on a Lemon Law claim. R.C. 1345.75(A). "The intent of the statute clearly is to make the consumer whole, and to restore the purchaser to a position he or she occupied before acquiring the lemon." Fortner v. Ford Motor Co. (Feb. 9, 1998), 5th Dist. No. 1997CA00177.
 {¶ 19} This Court has held that "[u]nder Ohio's Lemon Law, the award of attorney fees to a prevailing party is within the sound discretion of the trial court." Gray v. Chrysler Corp. (Apr. 11, 2001), 9th Dist. No. 20204. Therefore, an award of attorney fees will not be reversed unless the trial court acted unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} After reviewing the record, this Court cannot conclude that the trial court's award of attorney's fees constitutes an abuse of discretion. The parties presented the trial court with a wide disparity of what fees they deemed were reasonable. Willis argued that his attorney's fees exceeded $48,000, while Ford argued that the court should have only awarded around $2,000 in attorney's fees. The parties agreed that the purpose of the Lemon Law statute is to make the consumer whole and restore him or her to the position he or she was in before purchasing the "lemon." However, Ford argued that Willis was made whole when it submitted its first confession of judgment and Willis argued that being made "whole" included collecting his attorney's fees. In addition, the trial court heard expert testimony on behalf of Willis and Ford regarding what would constitute a reasonable fee for a case of this type. After hearing all the testimony and examining the evidence regarding attorney's fees, the trial court concluded that Willis was made whole when Ford filed its second amended confession judgment. In addition, the trial court found that out of the approximately 400 hours expended by Willis' attorneys up until Ford filed its second amended confession of judgment, about 250 hours were reasonable. The trial court then awarded Willis $19,938.00 in attorney's fees, based on an hourly rate of $69.00 for Attorney Paul Rosenberger and an hourly rate of $111.00 for Attorney Stewart Roll. In computing the total amount of attorney's fees to be awarded, the trial court stated: "neither Attorney Paul Rosenberger's hourly rate of $69.00 nor Attorney Stewart Roll's hourly rate of $111.00 were in dispute." However, in their post trial briefs both Willis and Ford agreed that the proper hourly rate for Rosenberger is $115.00 and for Roll is $185.00. On appeal, Willis reiterated his argument that the trial court utilized incorrect hourly rates for Rosenberger and Roll when computing the amount of attorney's fees he was entitled to. Ford has only contested the amount of hours, not the rate. Given the fact that the trial court did not express an intention to reduce the hourly rates of Rosenberger and Roll, this Court remands this matter to the trial court for a recalculation of the attorney's fees to be awarded based upon the trial court's finding that 250 hours were reasonable and the agreed upon hourly rate of $115.00 for Rosenberger and $185.00 for Roll.
 {¶ 21} Moreover, Willis is entitled to court costs in addition to attorney's fees under the statute. R.C. 1345.75(A). R.C. 1345.75(A) states:
"Any consumer may bring a civil action in a court of common pleas or other court of competent jurisdiction against any manufacturer if the manufacturer fails to comply with section 1345.72 of the Revised Code and, in addition to the relief to which the consumer is entitled under that section, shall be entitled to recover reasonable attorney's fees andall court costs." (Emphasis added.)
 {¶ 22} As the trial court did not award Willis court costs the matter is remanded for such an award to be made.
 {¶ 23} Willis' second assignment of error is sustained. Ford's cross-assignment of error is overruled.
 III. {¶ 24} Willis' first assignment of error is overruled. Willis' second assignment of error is sustained. Ford's cross-appeal is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded to the trial court for a determination of the amount of attorney's fees and costs to be awarded to Willis.
Judgment affirmed in part, reversed in part, and cause remanded.
WHITMORE, J. CONCURS
[1] Pursuant to the trial court's entry dated October 7, 2002, any claims against Wadsworth Ford which were not rendered moot by Ford's confession of judgment were dismissed. Therefore, Wadsworth Ford is not a party in this appeal.