OPINION
{¶ 1} Appellant Michael N. Hall dba M. R. Home Improvement appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which awarded plaintiffs-appellees $15,170.00 for breach of contract and attorney fees of $5,410.35 for violation of R.C.1345.21, the Home Solicitation Act. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT'S FINDING THAT THERE WAS A BREACH OF CONTRACT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS NO CONTRACT EXISTED FOR THE INSTALLATION OF THE DRAINAGE SYSTEM AND POOR DRAINAGE, BY APPELLEES' OWN EXPERT'S TESTIMONY, CAUSED THE ALLEGED DAMAGES TO THE GARAGE AND DRIVEWAY.
 {¶ 3} "II. THE TRIAL COURT'S FINDING THAT THE APPELLANT WAS NEGLIGENT AND THAT THE NEGLIGENCE PROXIMATELY CAUSED PROBLEMS WITH THE GARAGE FLOOR BASED UPON THE TESTIMONY OF PLAINTIFFS' ALLEGED EXPERT, ERIC RUTH, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 4} "III. THE TRIAL COURT'S AWARD OF ATTORNEY'S FEES FOR THE ALLEGED VIOLATION OF THE CONSUMER SALES PRACTICES ACT/HOME SOLICITATION ACT, OHIO REVISED CODE 1345.21, WAS NOT SUPPORTED BY THE EVIDENCE AS THERE WAS NO EVIDENCE THAT THE APPELLANT INTENTIONALLY COMMITTED AN ACT WHICH VIOLATED THE CONSUMER SALES PRACTICES ACT.
 {¶ 5} "IV. THE TRIAL COURT ERRED IN AWARDING DAMAGES IN THE AMOUNT OF $15,170.00 PLUS INTEREST AND COSTS."
 {¶ 6} The matter was referred to a magistrate, who made findings of fact and conclusions of law. Appellees Michael D. and Mindy Smith live in Alliance, Stark County, Ohio. Appellant Michael Hall dba M. R. Home Improvements is a sole proprietorship. Appellant has no offices, employees, or showrooms, but advertises in the SBC Yellow Pages and Advantage Pages.
 {¶ 7} In July of 2001, appellees contacted appellant after seeing his advertisement in the phone book. The parties executed a contract for appellant to build a three-car detached garage at appellees' residence. The contract provided the garage would be 24 feet by 40 by 8 feet, with a cement floor. The contract specified the materials to be used, and the total price was $24,350.00, payable in three installments.
 {¶ 8} While excavating for the garage, the excavator broke an existing drainage line leading away from the house to the area where the garage was to be built. Appellant dug a French drain for the broken pipe. Appellant did not take a soil sample. In November, 2001, the concrete contractor poured the floor and slab for the garage. Pursuant to a second contract, the contractor also poured a 1360 square foot slab that connected the driveway to the garage, at a cost of $3700. Thus, appellees paid a total $28,050.00 for the garage and cement work.
 {¶ 9} The magistrate found the contracts did not contain language required by the Home Solicitation Act notifying customers they may cancel the contract within three days. Appellees acknowledged they had no intention of canceling the contract.
 {¶ 10} The magistrate made no specific finding regarding drains in the garage floor, but the parties agree appellees wanted two of the three bays to have floor drains so they could wash vehicles in the garage. Appellant designed the concrete to the floor to contain two floor drains emptying into a French drain. Testimony at trial described a French drain as a two foot by four foot rectangular hole filled with gravel into which a pipe empties water. The water should then percolate through the gravel and dissipate into the ground below.
 {¶ 11} Soon after the garage and cement slab were completed, defects began appearing. The magistrate found there were seven cracks in the new cement, some of which were major. Appellant admitted he did not know whether he had allowed sufficient space between the vertical aluminum sheet metal trim and the concrete floor to prevent warping when the concrete expanded. Although the parties discussed it, appellant never fixed the problem, and appellees hired another company do repairs. The owner of the second company testified as appellees' expert witness.
 {¶ 12} The expert testified the cracks and excessive movement of the garage floor, the failure of the garage entrance door to operate properly, and the warped aluminum were a direct result of substandard drainage underneath the new concrete. The expert testified the French drain should not be used in clay soil. The water did not drain properly, but instead froze below the concrete surface, lifting the concrete, buckling the aluminum frames and binding the entrance door. The expert's company replaced and reinforced the garage, reinstalled the entrance door, and replaced the aluminum framing. Repairs to the garage floor and other repairs was $8,170.00, and further work was required in an estimated amount of $7,000.00.
 {¶ 13} The trial court found appellant breached the contract between the parties, and violated the Home Solicitation Act. The magistrate found no misrepresentation or fraud, and found appellant had not performed the work in a workmanlike manner, and was negligent.
 I. {¶ 14} In his first assignment of error, appellant argues the trial court erred in finding a breach of contract because no contract existed for installation of any drainage system. Appellant argues preexisting drainage problems were the cause of the damage to the garage, and he was not hired to solve this problem.
 {¶ 15} In reviewing a claim a court's decision is against the manifest weight of the evidence, this court must examine the record and if the judgment is supported by some competent and credible evidence going to all the essential elements of the case, then we may not reverse the decision, C.E. Morris v. FoleyConstruction Company (1978), 54 Ohio St. 2d 279. We have reviewed the record, and we find there was sufficient, competent and credible evidence, if believed by the trier of fact, to conclude appellant breached the contract between the parties.
 {¶ 16} The first assignment of error is overruled.
 II. {¶ 17} In his second assignment of error, appellant urges the court's finding his negligence proximately caused the damage to the garage floor was against the manifest weight of the evidence. Again, we find there is sufficient competent and credible evidence going to each element for the trial court to conclude appellant negligently installed a drain which was inadequate, and caused damage to the garage.
 {¶ 18} The second assignment of error is overruled.
 III. {¶ 19} In his third assignment of error, appellant challenges the court's award of attorney fees for violation of the Home Solicitation Act. Appellant argues there was no evidence he intentionally committed any acts which violated R.C. 1345.21. Appellant admits the contracts he presented to appellees did not contain the mandatory three-day cancellation notice, but argues this is not a deceptive act or practice because he did not omit the language in order to induce appellees to enter into the contract. Further, appellees admitted they never intended to cancel the contract.
 {¶ 20} R.C. 1345.28 specifies a failure to comply with Sections 1345.21 to 1345.27, constitutes a deceptive act or practice.
 {¶ 21} In Einhorn v. Ford Motor Company (1990),48 Ohio St. 3d 27, 548 N.E. 2d 933, the Ohio Supreme Court held a trial court may award reasonable attorney fees under the Consumer Sales Practices Act when the supplier in a consumer transaction intentionally committed a deceptive, unfair or unconscionable act or practice. The court found the supplier must intentionally commit the act, but need not know the act violates Ohio law.
 {¶ 22} Our standard in reviewing the court's decision in this regard is the abuse of discretion standard. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable,Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, Berk v. Matthews
(1990), 53 Ohio St. 3d 161.
 {¶ 23} On the record before us, this court cannot find the trial court abused its discretion. Accordingly, the third assignment of error is overruled.
 IV. {¶ 24} In his fourth assignment of error, appellant challenges the court's award of damages. The trial court computed damages as $8,170.00, which appellee had paid to replace the garage floor and do certain other repairs. The court also awarded $7,000.00, the estimate to repair other defects. Appellant argues appellees did not prove the repairs were necessary, and the new garage floor was a different design than the original one.
 {¶ 25} We find the award of damages is supported by evidence on the record. The fourth assignment of error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.