[Cite as *Campbell v. Wallace*, 2020-Ohio-6819.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

SERENA CAMPBELL ET AL.,

Plaintiffs-Appellants,

v.

EDWARD WALLACE,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0133**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2018 CV 01794

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. Phillip Arbie*, 409 Harmon Avenue, NW, Suite D, Lower Level, Warren, Ohio 44483, for Plaintiffs-Appellants and

*Atty. Frank Cassese*, 7330 Market Street, Youngstown, Ohio 44503, for Defendant-Appellee.

Dated:
December 18, 2020

_____

**Donofrio, J.**

{¶1}     Plaintiffs-appellants, Serena Campbell, Victoria Downing, and Rosalie Vincent, appeal from a Mahoning County Common Pleas Court judgment granting summary judgment in favor of defendant-appellee, Edward Wallace, on appellants' claims for violations of the Ohio Consumer Sales Practices Act (OCSPA).

{¶2}     Appellants are all related.  Vincent is Downing's mother.  And Downing is Campbell's mother.

{¶3}     In 2018, Downing was in the market to buy a car for Campbell who was bound for college in Cincinnati.  Downing discovered a listing on www.craigslist.org placed by appellee.  Appellee's listing advertised the sale of a 2008 Saturn Aura XE automobile (the car) for a purchase price of $3,000.  Downing forwarded this listing to Campbell.

{¶4}     Downing and Campbell met with appellee in May of 2018 to discuss purchasing the car.  On May 25, 2018, Downing purchased the vehicle for $2,600. Downing had the car titled in Vincent's name for insurance purposes.

{¶5}     Appellants claimed that they began experiencing issues with the car the day they purchased it.  In the following weeks, appellants claimed that they experienced numerous issues with the car.  As a result, appellants spent thousands of dollars on repairs to the car.

{¶6}     On June 11, 2018, appellants' counsel sent a letter to appellee.  This letter accused appellee of operating as an unlicensed used car dealer and stating that the car was unsafe.  This letter itemized two expenses related to the car:  two new tires ($181.37) and front end damage that resulted in a dislodged headlight and alignment issue ($2,463.97).

{¶7}     On July 2, 2018, appellants filed their complaint against appellee asserting four causes of action.  Relevant to this appeal, appellants alleged that appellee violated the OCSPA by using unfair or deceptive practices to sell a defective vehicle.

{¶8}     After discovery, appellee filed a motion for summary judgment.  The summary judgment exhibits include appellee's affidavit where he averred that about four

days before the purchase, he had the rear rotors and the rear loaded calipers on the car replaced. (Wallace Aff. ¶ 4). Appellee also submitted a repair order from The Tire Pad dated May 21, 2018 detailing those repairs. (Wallace Aff. Ex. A).

{¶9} Appellants opposed summary judgment arguing that appellee was operating as an unlicensed used car dealer. They argued that appellee violated several laws regulating used car dealers. They also argued that appellee represented that the car was in good condition and a family vehicle but it was actually unsafe.

{¶10} On October 30, 2019, the trial court granted appellee's motion for summary judgment. Relevant to this appeal, the trial court held that the only consumer among appellants was Downing as she was the one who purchased the car. The trial court held there was no evidence that appellee committed an unfair, deceptive, or unconscionable act under R.C. 1345.02(B) or R.C. 1345.03(B). The trial court held that appellee was operating as a de facto and unlicensed used car dealer, but this did not constitute an unfair, deceptive, or unconscionable act.

{¶11} Appellants timely filed this appeal on November 22, 2019. They now raise one assignment of error.

{¶12} Appellants' sole assignment of error states:

THE TRIAL COURT ERRORED [sic] WHEN IT FOUND NO GENUINE ISSUE OF MATERIAL FACT AND GRANTED SUMMARY JUDGMENT FOR DEFENDANT-APPELLEE.

{¶13} Appellants argue that appellee committed a fraudulent sales act. First, they contend he committed fraud by operating as an unlicensed used car dealer. They argue that this makes him a de facto supplier for purposes of the OCSPA and his sale of a used car without a license was a fraudulent act. Second, they argue that appellee misrepresented the car by holding it out as a family car that was reliable and suitable for safe transportation.

{¶14} Appellee concedes that he is a de facto supplier under the OCSPA but argues that he did not engage in fraudulent or deceptive sales practices. Appellee also argues that he never received notice that there were problems with the car until

Case No. 19 MA 0133

appellants' counsel sent the June 11, 2018 letter. Appellee also argues that appellants never had the car independently inspected.

**{¶15}** An appellate court reviews a summary judgment ruling de novo. *Comer v. Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

**{¶16}** A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. Summit No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

**{¶17}** "The Ohio Consumer Sales Practices Act, set forth in R .C. Chapter 1345, is 'a remedial law which is designed to compensate for traditional consumer remedies and so must be liberally construed pursuant to R.C. 1.11.'" *Fink v. Daimler Chrysler Motors Corp.*, 7th Dist. Mahoning No. 03-MA-155, 2004-Ohio-5125, ¶ 12 quoting *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 548 N.E.2d 933 (1990).

**{¶18}** The OCSPA defines a "supplier," in relevant part, as a seller. R.C. 1345.01(C). Appellee concedes that he is a supplier as defined under the OCSPA.

**{¶19}** The OCSPA prohibits suppliers from engaging in two types of practices. R.C. 1345.02 prohibits suppliers from engaging in unfair or deceptive acts and provides a list of unfair or deceptive practices. R.C. 1345.03 prohibits suppliers from engaging in unconscionable acts or practices and provides a list of circumstances that should be used to determine whether a sales practice is unconscionable.

**{¶20}** R.C. 1345.02(A) provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or

deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. 1345.02(B) provides a non-exhaustive list of practices that are unfair or deceptive. *Great v. Giant Eagle, Inc.*, 8th Dist. Cuyahoga No. 108177, 2019-Ohio-4582, ¶ 13. Proof of intent is not required to prove a deceptive act in violation of R.C. 1345.02. *Hamilton v. Ball*, 4th Dist. Scioto No. 13CA3533, 2014-Ohio-1118, ¶ 38 quoting *Garber v. STS Concrete Co.*, 8th Dist. Cuyahoga No. 99139, 2013-Ohio-2700.

{¶21} R.C. 1345.03(A) provides "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. 1345.03(B) provides a list of seven circumstances that should be considered in order to determine whether a sales practice or act is unconscionable. In order to establish that a practice or act is unconscionable under R.C. 1345.03(A), "the consumer must show a degree of knowledge sufficient to establish scienter[,]" or actual awareness that the supplier was misrepresenting the facts pursuant to R.C. 1345.01(E). *Frank v. WNB Group, LLC*, 1st Dist. Hamilton No. C-180032, 2019-Ohio-1687, ¶ 36-37 citing *State ex rel. Celebrezze v. Ferraro*, 63 Ohio App.3d 168, 578 N.E.2d 492 (2d Dist.1989); *see also Bierlein v. Bernie's Motor Sales Inc.*, 2d Dist. Montgomery No. 9590, 1986 WL 6757, *6.

{¶22} Beginning with appellants' argument that appellee represented that the car was a safe, family vehicle, the applicable statutes are R.C. 1345.02(B)(2) and R.C. 1345.03. Beginning with R.C. 1345.02(B)(2), under this statute, it is an unfair or deceptive practice if a supplier represents that "the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not[.]"

{¶23} Campbell's uncle, Kenneth Arbie, found appellee's listing for the car. (Campbell Dep. 7). While appellants are no longer in possession of the actual ad, Campbell remembered that the ad stated the car had new tires and was "a functioning used car." (Campbell Dep. 8-9).

{¶24} Campbell test drove the car for approximately five minutes with Downing riding as a passenger. (Downing Dep. 11, Campbell Dep. 11). Neither Downing nor

Case No. 19 MA 0133

Campbell noticed any mechanical problems with the car during the test drive. (Downing Dep. 11-12, Campbell Dep. 11-12).

**{¶25}** Appellee informed Downing that the car would "eventually" need new rear brakes. (Downing Dep. 13). Downing interpreted that to mean that the car would need new brakes in about six months. (Downing Dep. 13). Appellee also reduced the price of the car by $100 because of an issue with the front bumper. (Downing Dep. 13). At the time of purchase, the car had approximately 115,000 miles on it. (Downing Dep. 14). At no point did Downing consider taking the car to a mechanic to have it inspected prior to purchase. (Downing Dep. 15).

**{¶26}** Campbell called Downing about six hours after purchasing the car to report that the car was having problems. (Downing Dep. 15-16). At no point did Downing contact appellee to report that the car was having problems. (Downing Dep. 16).

**{¶27}** Appellee represented to Downing that the car was a "family vehicle." (Downing Dep. 17, 20). During the transaction, Downing recalled the following representation made by appellee:

> [Appellee] presented the vehicle as a family vehicle. When I told him straight up, I said this is going to be my daughter's vehicle. She's going to be four and a half hours away from any family. She needs something reliable. And he said I've got daughters too. I'd have no problem getting in this car and driving it to Florida tomorrow.

(Downing Dep. 20).

**{¶28}** Campbell also testified that appellee "trusted the car and that he would drive it to Florida the next day." (Campbell Dep. 19). Campbell recalled appellee stating that the car would eventually need new rear brakes. (Campbell Dep. 16). Campbell also remembered that appellee said his daughter drove the car and that appellee would have no problem driving the car to Florida. (Campbell Dep. 19).

**{¶29}** The car broke down the first day Campbell drove it. (Downing Dep. 20-21). While the car needed repairs, Downing did not recall exactly what needed repaired.

Case No. 19 MA 0133

(Downing Dep. 21-22). As of May 29, 2019[1], Campbell was still driving the car to and from Cincinnati. (Campbell Dep. 20, Downing Dep. 20).

{¶30} Along with the depositions, appellants submitted several documents which purported to itemize their expenses. One of these was a letter from their attorney to appellee dated June 11, 2018. This letter accused appellee of operating as an unlicensed used car dealer and stating that the car was unsafe. This letter stated the car needed two new tires ($181.37) and had front end damage that resulted in a dislodged headlight and alignment issue ($2,463.97).

{¶31} After reviewing the evidence submitted during summary judgment and taking this evidence as true, as we are required in summary judgment, appellee's representations that the car was a "family vehicle" and that he would have no problem driving the car to Florida created a genuine issue of material fact as to whether the car was of a particular standard, quality, or grade. Thus, this representation may have been an unfair or a deceptive practice under R.C. 1345.02(B)(2).

{¶32} Furthermore, appellee's representation that he would have no problem getting in the car and driving it to Florida the next day could be seen as a deceptive representation under R.C. 1345.02(B)(2). This representation, if true, contradicts Downing's testimony that the car broke down the day after she purchased it. Downing stated that she told appellee the car was for Campbell, who was going to school over four hours away. Appellee knew Campbell was going to use the car for long distance driving and then represented that he would drive the car to Florida. Thus, a genuine issue of material fact existed as to whether appellee's representation that he would have no problem driving the car to Florida the next day violated R.C. 1345.02(B)(2).

{¶33} Addressing appellants' argument that appellee was operating as an unlicensed used car dealer, the applicable statute is R.C. 1345.02(B)(9). Under this subsection, it is unfair or deceptive if "the supplier has a sponsorship, approval, or affiliation that the supplier does not have[.]"

{¶34} Appellants submitted numerous exhibits along with their opposition to summary judgment. Among these exhibits was an email chain between Downing and Jeff Payne, an assistant chief of records for the Ohio Bureau of Motor Vehicles (BMV).

---

1 This is the date both appellants Campbell's and Downing's depositions were taken.

In this email Chain, Payne informed Downing that between January 1, 2015 and June 4, 2018, appellee had 192 vehicles titled in his name. Payne also informed Downing that the BMV's dealer licensing section could not locate appellee in their database.

{¶35} Another exhibit was a printout of the Mahoning County Area Court No. 2's online docket in case number 2015 CR B 00979. According to this printout, appellee pled no contest to one count of engaging in the sales of motor vehicles without a license in violation of R.C. 4517.02(A)(6), a minor misdemeanor, on July 21, 2015. R.C. 4517.02(A)(6) prohibits people from selling more than five vehicles in a twelve month period without a license.

{¶36} Appellants contend that this evidence indicates that appellee was operating as an unlicensed used car dealer and operating as an unlicensed used car dealer is a violation of the OCSPA. But neither Downing nor Campbell testified that appellee held himself out as an authorized or licensed used car dealer. Thus, there is no genuine issue of material fact that appellee did not represent that he had a sponsorship, approval, or affiliation that he in fact lacked in violation of R.C. 1345.02(B)(9).

{¶37} Accordingly, appellants' sole assignment of error has merit in part and is sustained in part. A genuine issue of material fact exists as to whether appellee violated R.C. 1345.02(B)(2) in making representations that the car was a family vehicle and that he would have no problem driving the car to Florida.

{¶38} For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded for further proceedings pursuant to law and consistent with this opinion.

Waite, P. J., concurs.
D'Apolito, J., concurs.

Case No. 19 MA 0133

———————————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed.  We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion.  Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**